JOHN HALVORSEN, Plaintiff-Appellee, v. THEODORE L. RICHTER, Defendant-Appellant.—(LAKELAND BUS LINES, INC., Intervening Plaintiff-Appellant, v. JOHN HALVORSEN, Defendant-Appellee.)

Second District (2nd Division)    No. 75-268

Opinion filed April 6, 1976.

Hercules Paul Zagoras, of Waukegan, for appellants.

William G. Rosing, of Waukegan, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:
This is an appeal from the trial court's interlocutory order compelling the transfer of certain shares of stock.

The facts are simple. The plaintiff owns 37½ percent of the shares of the stock of Lakeland Bus Lines, Inc. The defendant owns 62½ percent of such shares (including the 1 share owned by his wife). The plaintiff alleges in his complaint that the defendant orally contracted to buy the plaintiff's shares, using the corporation's balance sheet dated June 30, 1973, as a basis for their value. That pursuant to said balance sheet the amount due the plaintiff is $30,672.95, but defendant, after demand for that sum by the plaintiff, has failed and refused to pay the plaintiff this amount.

In his answer the defendant admitted the plaintiff was owner of 37½ percent of the stock of the corporation and that defendant had agreed to buy said shares but alleged that the shares were encumbered to the extent

of $18,525. He further alleged that the contract price for the shares was not the sum of money stated by the plaintiff but that the actual agreement was that the plaintiff would convey the shares to the defendant in return for (a) the assignment to the plaintiff of a certain school bus contract between Lakeland Bus Lines and Lake Forest School District No. 7 and (b) the transfer to Halvorsen, the plaintiff, of certain equipment owned by Lakeland Bus Lines. Defendant further alleged that he had caused the assignment of the school bus contract and the transfer of the equipment to be made to the plaintiff, relying on plaintiff's promise to convey the shares in question to him. Thus, the defendant contends, he has fully performed his part of the bargain and is entitled to have the shares conveyed to him.

The defendant also set out a counterclaim in which he alleged that after the defendant had performed the contract to the extent of authorizing the assignment of the school bus contract mentioned above, and the removal of certain equipment of Lakeland Bus Lines to the plaintiff, the plaintiff renounced the oral agreement to convey his shares to the defendant, whereby the defendant has been exposed to liability from the corporation's creditors and damaged personally to the extent of $20,000, for which sum he demands judgment against the plaintiff. Lakeland Bus Lines, Inc., petitioned to intervene in the case and subsequently filed a complaint against the plaintiff alleging wrongful acts against the corporation in connection with the school bus contract and the removal of certain equipment from its premises, for which the corporation demands damages of $20,000.

In his answer to the counterclaim plaintiff admitted he agreed to convey his shares to the defendant but stated he never did so because the defendant never paid the sum agreed upon by the parties for the conveyance of said shares. Plaintiff also denied that he had renounced the agreement to convey the shares but that his failure to so convey was because of defendant's failure to pay the sum agreed on.

On June 9, 1975, both parties served notice of motion on the other. The defendant gave notice that he would move to file Count II of his counterclaim in which he set out that the plaintiff was about to offer his shares of stock for sale to a third party and the defendant prayed for an injunction ordering and requiring the plaintiff to convey the shares in question to the defendant. The plaintiff gave notice that he would move the court for an order requiring the defendant to turn over to the plaintiff the stock certificate standing in his (plaintiff's) name on the books of the corporation.

After hearing arguments of counsel on the two motions the trial court entered the order here appealed from by the defendant, which order reads in pertinent part as follows:

"It is Hereby Ordered that Lakeland Bus, Inc. and Ted Richter

turn over one stock certificate of John Halvorsen for certain shares of Lakeland Bus, Inc. Said certificate being in the name of John Halvorsen. Said delivery to be Sat. June 14, 1975.

Defendant given leave to file Count II to defendant's counterclaim. Plaintiff given 21 days to answer or plead."

■■ While the order appealed from is clearly interlocutory it has been treated by both sides as being injunctive in nature and hence appealable under Supreme Court Rule 307. Consistent with our holding in *School District No. 46 v. Del Bianco*, 68 Ill. App. 2d 145, where we held a "stay" order to be appealable (under then Supreme Court Rule 31, similar to the Rule 307) we will consider this appeal as dealing with an order injunctive in nature.

The defendant argues that there are no established facts on which to base an injunctive order since no evidentiary hearing was held and the court cannot assume that the plaintiff is entitled to have the stock turned over to him on the basis of an unverified pleading to the effect that he is the owner of the stock. The plaintiff argues that the defendant by his answer admitted that the plaintiff was the owner of the stock in question, hence there was sufficient basis in the pleadings for the order to turn it over to him, without verification of pleadings or any evidentiary hearing.

■■ As suggested by the defendant in his brief, however, we are not dealing here with a mere preliminary order preserving the status quo. We have in this case a mandatory preliminary injunction which does not preserve but alters the status quo. As a general rule, mandatory preliminary injunctions are not favored by the courts and the only justification for such an order is to maintain the status quo where, if the status quo is not maintained, one party may suffer irreparable harm. (42 Am. Jur. 2d *Injunctions* §15-16 (1969); *Nelson & Sons v. General American Development Corp.*, 6 Ill. App. 3d 6.) The "status quo" to be preserved by preliminary injunction was described in *O'Brien v. Matual*, 14 Ill. App. 2d 173, 187, as "the last, actual, peaceable, uncontested status which preceded the pending controversy." This definition of the status quo has been quoted and approved in many Illinois cases. See *Davis v. East St. Louis & Interurban Water Co.*, 133 Ill. App. 2d 801; *Keeshin v. Schultz*, 128 Ill. App. 2d 460; *Grillo v. Sidney Wanzer & Sons, Inc.*, 26 Ill. App. 3d 1007.

■■ Under the authorities cited above it is clear that a preliminary mandatory injunction is not proper where it tends to change the status quo rather than preserving it. Indeed, the preservation of the status quo is the only proper reason for such an order and even then only where an alteration in the status quo might do irreparable harm to one of the parties. Obviously, such is not the situation here. There is nothing in the pleadings to suggest that the defendant is in a position to do irreparable harm to

the plaintiff by holding the stock certificate. In fact, the pleadings suggest the opposite—that the plaintiff may have been contemplating a sale of the stock, which would put it beyond the reach of the defendant and might do *him* irreparable harm if he had, as he alleged, already performed his part of the bargain. In any event, the injunction order was improper because, on the state of the pleadings, it altered the status quo between the parties instead of preserving it.

If we take all the allegations of the complaint as true, bearing in mind that this is a suit for money damages, the plaintiff is only entitled to a certain sum of money. While he alleges and the defendant admits, that the plaintiff owns the 37½ percent of the stock represented by the certificates in his name, he denies that he is renouncing the contract and he does not deny that the stock certificate is in the peaceable possession of the defendant. The question then is not as to the *ownership* of the stock but as to the right of possession to it at the time the injunction order was issued. The order is not concerned with ownership, which is established by admission of the defendant, but rather as to possession, which the order transfers to the plaintiff. While the pleadings of neither party directly state who is in possession of the stock certificate in question it must be taken for granted that the defendant had possession of the stock at the time of the court's order, otherwise the order would have been meaningless. Nor, as noted above, does anything in the pleadings suggest that such possession was not peaceable and free from fraud, hence, prior to the order in question, the defendant's possession of the stock was apparently "the last, actual, peaceable, uncontested status which preceded the pending controversy." The defendant alleges that the stock is encumbered, with a balance owing on it and moreover, that he has performed his obligations under the contract. Since Richter, the defendant, is in possession of the stock, as indicated by the order requiring him to turn it over to the plaintiff, and moreover if, as he alleges, he has perfomed his obligations under the contract, then his possession of the stock has at least some color of right. The question of who is entitled to possession is disputed by the pleadings and since the defendant is now in possession it is apparent that the order requiring transfer of that possession disturbs, rather than maintains, the status quo. It should be noted that the defendant never asserted ownership of the stock and only asked that the stock be conveyed to him. It would clearly seem, therefore, that the plaintiff owns the stock, that is, that it stands in his name on the books of the corporation, but that at the time of the commencement of the present suit he did not have possession of it. The defendant by asking that the stock be *conveyed* to him says nothing about possession. He only indicates the ownership is in the plaintiff. Assuming, therefore, that the plaintiff has title to the stock and the defendant or the corporation has possession under a color of right, the

transfer of possession would alter the respective positions of the parties, and this not being required by any imminent threat or danger to the plaintiff, it appears to have not been justified under the standards for issuing a mandatory preliminary injunction indicated by the cases we have cited.

The trial court did not set forth any facts or circumstances showing a reason for its order transferring possession of the stock. In this situation an evidentiary hearing and findings of fact by the court as to the actual contract between the parties and the status of the stock certificate should be required before any injunctional order could properly be issued. To enter such an order under the state of the pleadings as they stood at the time of the order and without any findings as to the merits based on evidence presented to the court, was in our opinion, a clear abuse of the court's discretion. The issues raised by the pleadings should be resolved by a trial on the merits and in the meantime the status quo should be allowed to stand.

The order of the trial court requiring the stock certificate to be turned over to the plaintiff is hereby reversed and the cause is remanded for a trial on the merits.

Reversed and remanded.

T. J. MORAN, P. J., and DIXON, J., concur.