THE ROCK ISLAND BANK, Plaintiff-Appellee, *v.* MARGUERITE PAUL, Defendant-Appellant.—(WILLARD S. PAUL *et al.*, Defendants.)

Third District   No. 77-19

Opinion filed May 3, 1977.

William L. Paul, of Bloomington, for appellant.

David E. Ketter, of Klockau, McCarthy, Lousberg, Ellison & Rinden, of Rock Island, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Marguerite Paul appeals from an order of the Circuit Court of Rock Island County denying defendant Marguerite Paul's motion to dissolve a preliminary injunction directing her and defendant First

National Bank of Moline (hereinafter called Moline bank) not to withdraw or transfer certain funds on deposit in defendant Moline bank in the name of Marguerite Paul. On appeal in this court, under Supreme Court Rule 307(a), defendant Marguerite Paul argues that the circuit court erred in refusing to dissolve the preliminary injunction because (1) the injunction was not shown to be necessary to prevent an irreparable injury or that there was no adequate remedy at law as to the plaintiff Rock Island Bank; (2) the injunction does not preserve the status quo of the parties pending resolution of the cause on the merits; and (3) the injunction violates the due process clause of the Fourteenth Amendment to the United States Constitution.

The record discloses that defendants Willard S. Paul and Marguerite Paul maintained a joint checking account at plaintiff-Rock Island Bank in the name of "Best TV Service," on which account both defendants Willard S. Paul and Marguerite Paul possessed authority to write checks. On November 2, 1976, defendants Willard S. Paul and Marguerite Paul each went, separately, to the plaintiff-bank, and drew a check on the account, but the sequence in which the checks were drawn is apparently not known. Defendant Willard S. Paul wrote a check in the amount of $36,091.12, the total balance in the Best TV account, and transferred the funds to a newly opened account in the Rock Island Bank. On the same day, defendant Marguerite Paul wrote a countercheck in the amount of $25,000 on the Best TV account, to purchase a cashier's check from the plaintiff bank, in like amount, which cashier's check was made payable to defendant Moline bank, and showed Best TV Service as remitter.

Both checks written on November 2, 1976, were debited as against the Best TV account and resulted in a $25,000 overdraft on that account. Plaintiff's bookkeeper, days later, found the error, and charged the $25,000 countercheck drawn by Marguerite Paul, as against Willard Paul's newly opened checking account in his name only. On November 8, 1976, Willard Paul questioned Robert Royster, an officer of plaintiff, regarding the $25,000 debit as against his personal checking account. Later that afternoon, Royster talked with the cashier at the defendant Moline bank, who acknowledged that the cashier's check purchased from plaintiff bank had been deposited in a checking account in the name of Marguerite Paul at the First National Bank of Moline.

Shortly after 9 a.m. on November 9, 1976, Royster telephoned the Moline bank and learned that a sizable check, drawn against the account into which the $25,000 cashier's check (which had been purchased from plaintiff bank) had been deposited, and that this check was payable to a savings and loan association in the State of Wisconsin and had been presented for payment to the Moline bank. Royster was informed that plaintiff bank would have until noon on November 9, 1976, to attempt to

prevent disbursement of the check or the $25,000 in the account. Later that morning, plaintiff filed a verified complaint in the Circuit Court as against defendants Willard Paul, Marguerite Paul and the Moline bank, and, after an ex parte hearing, a judge of the Circuit Court ordered issuance of a "temporary injunction" after expressing some reluctance to do so, which injunction restrained all defendants from transferring the $25,000 held on deposit at the Moline bank. The order provided that the injunction should issue without bond and without notice and that a further hearing would be set as to the continuation of the injunction.

On November 10, 1976, summons was issued for a hearing on November 12, 1976. Defendants Willard Paul and the Moline bank were served prior to the hearing date, but Marguerite Paul was not served prior to the date, and neither she nor any representative appeared at the hearing on November 12, 1976. Defendants Willard Paul and the Moline bank both appeared at the November 12 hearing and moved to dissolve the injunction. After hearing testimony from Royster, an officer of the plaintiff bank, and from the cashier of defendant Moline Bank, a judge of the circuit court entered an order finding that the injunction of November 9 had been issued to preserve the status quo of the parties and prevent certain funds from leaving the State of Illinois and the jurisdiction of the court; that a portion of the $25,000 in the account at the Moline bank had been transferred to a savings and loan institution in the State of Wisconsin; that defendant Willard Paul had no control over the account at the defendant Moline bank; that only Marguerite Paul had control over the account at the Moline bank and that the November 9 injunction was in the nature of a preliminary injunction under section 3 of the Injunction Act (Ill. Rev. Stat. 1975, ch. 69, par. 3). The court also ordered that the preliminary injunction be dissolved as to defendant Willard Paul but continued as to defendants Marguerite Paul and defendant Moline bank, restraining those parties from transferring the $25,000, or any remaining part thereof, from the account of Marguerite Paul at the Moline bank.

Defendant Marguerite Paul was served with summons in this cause on November 15, 1976, in the State of Wisconsin, and on December 10, 1976, she filed a motion to dissolve the preliminary injunction. On December 16, 1976, a hearing was held on the motion of Marguerite Paul. While no evidence was taken at this hearing, the court was advised of the factual situation and of the legal position of the parties through the representations, statements, and arguments of counsel for the respective parties. At the hearing, plaintiff bank moved for leave to amend its complaint. After noting that the propriety of the preliminary injunction must be tested under plaintiff's original complaint, the trial court granted plaintiff leave to amend the complaint, and denied the motion of defendant Marguerite Paul to dissolve the preliminary injunction.

It appears from the record, also, that prior to the hearing at which the preliminary injunction was issued, the plaintiff Rock Island Bank had removed from the personal checking account of Willard S. Paul, at the plaintiff bank, the sum of $25,000. This fact was not presented to the judge at the hearing on November 9, 1976. As we have noted, defendant Marguerite Paul appeals to this Court under Supreme Court Rule 307(a). Defendants Willard Paul and the Moline bank did not appeal.

■■ Defendant Marguerite Paul first argues, on appeal in the Court, that the preliminary injunction was not necessary to prevent an irreparable injury to plaintiff for which there is no adequate remedy at law. It is pointed out that section 3 of the Injunction Act (Ill. Rev. Stat. 1975, ch. 69, par. 3) provides:

"No court or judge shall grant a preliminary injunction without previous notice of the time and place of the application having been given the adverse party unless it clearly appears, from specific facts shown by the verified complaint or by affidavit, accompanying the same, that immediate and irreparable injury, loss or damage will result to the applicant before notice can be served and a hearing had thereon."

As stated in *Kable Printing Co. v. Mount Morris Bookbinders* (1976), 63 Ill. 2d 514, 523, 349 N.E.2d 36:

"A preliminary injunction under section 3 [of the Injunction Act] may be granted with or without notice, and if the latter, with a showing of 'immediate and irreparable injury.' Additionally, the movant must establish the likelihood of ultimate success on the merits of the case."

In reviewing the denial of a preliminary injunction, the appellate court stated in *Wessel Co. v. Busa* (1st Dist. 1975), 28 Ill. App. 2d 686, 690, 329 N.E.2d 414:

"The substantive issues of the instant case have not been decided. The sole role of an appellate court in addressing the grant or refusal of an interlocutory decree is restricted to a determination of whether the trial judge correctly exercised his broad discretionary powers. [Citation.] Therefore, each substantive issue will be considered only so far as is necessary to determine whether the judge abused his discretion.

In order for a preliminary injunction to issue, the movant must establish both irreparable injury and likelihood of success on the merits. [Citation.] It must be noted, however, that in order to show a likelihood of success on the merits, a party is not required to make out a case which in all events will warrant relief in the final hearing. All that is necessary is that the petitioning party raise a fair question as to the existence of the right claimed, lead the court to

believe that he probably will be entitled to the relief prayed for if the proof should sustain his allegations, and make it appear advisable that the positions of the parties should stay as they are until the court has had an opportunity to consider the case on its merits."

■■ In the instant case, plaintiff's complaint, as originally filed, alleged that removal of the funds in the Marguerite Paul account in the Moline bank from this State constituted irreparable injury and damage to plaintiff. We note, preliminarily, that the injunction as issued is broader than the irreparable harm alleged by plaintiff, inasmuch as the preliminary injunction prohibits any transfer of the funds on deposit in the Moline bank, and not merely transfers beyond the jurisdiction of the court. The complaint filed by plaintiff bank did not allege, and plaintiff has not shown, that removal of the $25,000 to the State of Wisconsin would leave insufficient property within the jurisdiction of Illinois courts to satisfy an eventual judgment against Marguerite Paul. Additionally, it appears that plaintiff, without seeking any injunctive relief or other judicial authorization, is apparently refusing to allow transfer of $25,000 from an account of Willard Paul on deposit with plaintiff, and thus if plaintiff obtains judgment against Willard Paul or as against Willard Paul and Marguerite Paul, plaintiff would have a ready source for satisfaction of the judgment, and any transfer of the funds in the Marguerite Paul account at the Moline bank would become immaterial, other than such issue as may arise between Willard Paul and Marguerite Paul. In analysis of plaintiff's complaint, we conclude that no sufficient facts were alleged to establish that plaintiff would suffer immediate or irreparable injury in absence of a preliminary injunction.

■■ It appears from the record, also, that plaintiff has failed to show a likelihood of success on the merits as is essential for the issuance of a preliminary injunction. Although plaintiff is clearly not without recourse from the situation in which it is found, and although plaintiff has shown a likelihood of success as against the Pauls, d/b/a Best TV, it is not clear that plaintiff at this stage has established the likelihood of success as against Marguerite Paul individually. There is no allegation of fraud as to Marguerite Paul nor is it alleged that Marguerite Paul was paid on a check drawn on the Best TV account when there were no funds in the account. Secondly, plaintiff's theory of the action apparently presupposes that plaintiff bank is entitled to relief as against the specific funds which Marguerite Paul withdrew from the Best TV account. At the time, however, when the plaintiff applied for injunctive relief, the counter check written by Marguerite Paul on November 2, 1976, had been finally paid (Ill. Rev. Stat. 1975, ch. 26, pars. 3—418, 4—213) and plaintiff bank

had unconditionally engaged to pay its $25,000 cashier's check issued to the Moline bank (Ill. Rev. Stat. 1975, ch. 26, par. 3—413). Plaintiff, thus, apparently had no recourse on either instrument which would entitle it to specific relief as against funds on deposit in the name of Marguerite Paul at the First National Bank. There was no charge of known overdraft by Marguerite Paul or any other specific basis relating to the funds on deposit at the Moline bank. For the reasons to which we have referred, it appears that the complaint of plaintiff failed to show the requisite likelihood of success on the merits in this cause, as against Marguerite Paul individually.

■■ We should observe, also, that a preliminary injunction is not proper where it tends to change the status quo of the parties rather than preserving it (*Halvorsen v. Richter* (2d Dist. 1976), 37 Ill. App. 3d 344, 345 N.E.2d 220). As we have noted previously, in referring to the facts in the case, at the time of the issuance of the injunction, the actual peaceable, uncontested status which preceded the controversy before us now, would show defendant Marguerite Paul having $25,000 in an account at the Moline bank in her name. Under such circumstances, the injunction, by preventing Marguerite Paul from transferring funds in her account, and, also, by preventing Moline bank from permitting such transfer, could be said to have actually changed the status quo rather than preserved it under the facts in this cause.

There was no allegation in the complaint that defendant Marguerite Paul had obtained $25,000 by issuing a check as against an account in which there were no funds. So far as the record is concerned, it discloses Marguerite Paul drawing a check for $25,000 on an account as to which she was a proper party to write checks and as against an account in which could be sufficient funds to pay this amount. Whether she was not justified in transferring such funds as against Willard Paul is not before us, and that issue is something which would concern only Willard Paul and Marguerite Paul. We also note that there is no allegation that the sum of $25,000, if improperly withdrawn by Marguerite Paul, could not be recovered from assets of Marguerite Paul, or, if he is so obligated, from Willard Paul.

Defendant Marguerite Paul also argues in this court that the preliminary injunction, as issued, violated the due process clause of the fourteenth amendment to the United States Constitution. In view of our determination that the preliminary injunction was improperly issued and should have been dissolved, we need not consider the constitutional question for disposition of this cause.

The preliminary injunction heretofore issued by the Circuit Court of Rock Island County should, therefore, be vacated. Therefore, this cause is remanded to the Circuit Court of Rock Island County with directions to

vacate such preliminary injunction, and for such further proceedings as are not inconsistent with the views expressed in this opinion.

Reversed and remanded.

STOUDER and BARRY, JJ., concur.