LETITIA SPUNAR, Plaintiff-Appellee, *v.* CLARK OIL & REFINING CORPORATION, Defendant-Appellant.—(CLARK SUPER 100, Defendant.)

First District (2nd Division)   No. 63129

Opinion filed October 4, 1977.

William E. Kelly, Robert C. Bonges, and Richard A. Zachar, all of Chicago (Pope, Ballard, Shepard & Fowle, of counsel), for appellant.

Max & Herman Chill, P. C., of Chicago (Max Chill, Herman Chill, and Donald B. Garvey, of counsel), for appellee.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

This is an interlocutory appeal from the grant of a "temporary injunction," which was predicated upon a violation of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1973, ch. 121½, par. 261 *et seq.*) (hereinafter Act). Plaintiff, Letitia Spunar, instituted this class action against defendant, Clark Oil & Refining Corporation, and Clark Super 100, a Clark service station, for purported deceptive practices. Without reaching the question of whether plaintiff had presented a proper class, the court below temporarily enjoined defendant from offering for sale, advertising, or selling in Illinois any motor fuel at retail without posting on or near the gasoline pumps the amount of the selling price per gallon of such fuel exclusive of the $0.075 cents per gallon Illinois Motor Fuel Tax, the Illinois Use Tax, and the applicable local retailers' occupation tax, if any. Enforcement of the "temporary injunction" was stayed pending appeal.

Defendant appeals from the order of the court below, raising the following issues for our review: (1) whether the Act exempts defendant's advertising practices; (2) whether a private individual may bring an action for injunctive relief pursuant to the Act if she has suffered no pecuniary damage; (3) whether defendant's failure to itemize the product and tax components of the total amount charged per gallon of gasoline is

violative of the Act; and (4) whether the court below properly entered an order for "temporary injunction."

In selling gasoline, certain taxes are imposed which at the time of the sale in question included Illinois Motor Fuel Tax of 7.5 cents per gallon, Federal Petroleum Products Tax of 4 cents per gallon, Illinois Use Tax of 4% of the selling price, Illinois Retailers' Occupation Tax of 4% of the retail selling price, and Illinois Municipal Retailers' Occupation Tax which could range from 0% to 1% of the selling price as levied by the particular municipality in which the sale occurred. Defendant displays certain price and tax information on its gasoline pumps. The legend on such pumps includes the total sale price, the number of gallons purchased, and the price per gallon. On the day of the sale under consideration, the legend stated that, "Pump Price Includes FED TAX 4¢ STATE 7.5¢ SALES TAX 5%." Further, the digits indicating the price per gallon were followed by the statement, "CENTS PER GALLON ALL TAXES INCLUDED."

On March 7, 1973, plaintiff purchased gasoline at one of defendant's Chicago service stations. She asked for a receipt showing the amount of taxes involved; and the attendant prepared a receipt indicating the cash sale was for 10 gallons of gasoline amounting to $4.10. When plaintiff received the slip, she requested that the attendant put down the taxes as $0.20, which "would be close enough." Plaintiff also told the attendant to insert this computation on her receipt:

$$\begin{array}{r} \$3.90 \\ +.20 \text{ TAX} \\ \hline \$4.10 \end{array}$$

The attendant complied. Shortly thereafter plaintiff brought suit, as representative of a class who had allegedly been overcharged sales tax by defendant.

In her complaint, plaintiff alleged that defendant overcharged her by adding the use tax to the selling price which included the motor fuel tax; that defendant unlawfully computed state and local taxes by applying the sales tax rate against a total which included the Illinois Motor Fuel Tax and then remitted only the correct amount of sales tax to the Illinois Department of Revenue; that defendant failed to give receipts showing the amount of sales tax being collected; and that defendant's conduct had created confusion and misunderstanding for plaintiff and her class because they are unable to determine whether or not they are being charged an illegal use tax imposed on motor fuel tax. As relief, plaintiff sought an injunction against the alleged violations of the Use Tax Act and the Consumer Fraud and Deceptive Business Practices Act, an accounting, and a refund for herself and her class of the purported

overcharge on sales taxes which defendant collected and failed to remit to the Department of Revenue.

Defendant denied the substantive allegations of the complaint, asserted affirmative defenses thereto, and filed a motion to dismiss the complaint or for summary judgment. Although plaintiff responded and filed a motion for partial judgment on the pleadings, none of the motions were ruled upon by the court. Pursuant to a suggestion of the court, plaintiff was granted a "temporary injunction" enjoining certain of defendant's display practices. On appeal, defendant urges this court to reverse the order granting the "temporary injunction" and remand the cause with directions that the court below dismiss the action as a class action and dismiss the action as to the individual plaintiff.

## I.

■■ ■ We note at the outset that under our statute the term "temporary injunction" is no longer a viable term. Since the 1967 revision of the Injunction Act, only two types of injunctions may be entered prior to the resolution of a controversy on its merits: temporary restraining orders (Ill. Rev. Stat. 1973, ch. 69, par. 3—1) and preliminary injunctions (Ill. Rev. Stat. 1973, ch. 69, par. 3). Thus, the term "temporary injunction" is now obsolete. (*Walter v. City of West Chicago* (2d Dist. 1976), 39 Ill. App. 3d 297, 299, 349 N.E.2d 437.) In the case at bar, notice was given and a hearing of legal argument was held prior to the grant of injunctive relief. We, therefore, interpret the relief granted as a preliminary injunction.

## II.

■■ Although defendant presents several issues for our review, we need merely to determine whether the preliminary injunction was properly entered. The resolution of that issue is dispositive of the appeal. We find it unnecessary, therefore, to consider the additional issues presented. A reviewing court will not consider questions or contentions which are not essential to the determination of the case before it. *International Society for Krishna Consciousness, Inc. v. City of Evanston* (1st Dist. 1977), 53 Ill. App. 3d 443, ___ N.E.2d ___; *Yale Development Co. v. Andermann* (2d Dist. 1976), 37 Ill. App. 3d 39, 344 N.E.2d 701.

■■ A preliminary injunction is an extraordinary remedy, and, thus, to warrant its issuance, a party must clearly show a need to preserve the status quo—in that he will be susceptible to irreparable damage if the injunction does not issue—and, in addition, that there is a probability of ultimate success on the merits of his claim. (*Summit Electric Co. v. Mayrent* (1st Dist. 1974), 17 Ill. App. 3d 545, 550, 308 N.E.2d 313; *Western Leasing Co. v. Kirkpatrick* (1st Dist. 1972), 4 Ill. App. 3d 704, 707, 281

N.E.2d 444.) A preliminary injunction is merely provisional in nature and concludes no rights, its office being merely to preserve the status quo until a final hearing on the merits. (*P. S. L. Realty Co. v. Granite Investment Co.* (5th Dist. 1976), 42 Ill. App. 3d 697, 699, 356 N.E.2d 605.) A preliminary injunction, therefore, is not proper where it tends to change the status quo of the parties rather than preserve it. (*Rock Island Bank v. Paul* (3d Dist. 1977), 48 Ill. App. 3d 874, 879, 362 N.E.2d 815; *Halvorsen v. Richter* (2d Dist. 1976), 37 Ill. App. 3d 344, 346, 345 N.E.2d 220.) The status quo to be preserved by a preliminary injunction is the last, actual, peaceable, uncontested status which preceded the pending controversy. *Grillo v. Sidney Wanzer & Sons, Inc.* (1st Dist. 1975), 26 Ill. App. 3d 1007, 1011, 326 N.E.2d 180; *Duval v. Severson* (1st Dist. 1973), 15 Ill. App. 3d 634, 641, 304 N.E.2d 747.

■■ Defendant contends in the instant case that the entry of a preliminary injunction did not preserve the status quo, but instead altered and destroyed it. We agree. The court's order temporarily enjoined defendant from "offering for sale, advertising or selling, in Illinois, any motor fuel at retail, in any manner, without publicly posting, on or near the gasoline pumps, the amount of the selling price per gallon of motor fuel exclusive of the 7.5 cents per gallon Illinois motor fuel tax, the Illinois use tax, and the applicable local retailers occupation tax, if any." Thus, the order required defendant to either close its Illinois retail outlets or change its price display practices. Either option would have altered the last, actual, peaceable, uncontested status which preceded the pending controversy.

■■■ We note, too, that although plaintiff filed four complaints in this case, neither the original complaint, nor the amended complaints requested the particular relief granted by the court. In fact, plaintiff had sought an injunction against alleged violations of the Use Tax Act and the Consumer Fraud and Deceptive Business Practices Act, an accounting, and a refund for her class. It was upon the court's invitation that the temporary injunctive relief was granted. Even then, however, the relief granted was not the relief requested. As an extraordinary remedy, however, a preliminary injunction should be granted only pursuant to the utmost care. (*Edgewater Construction Co. v. Percy Wilson Mortgage & Finance Corp.* (1st Dist. 1976), 44 Ill. App. 3d 220, 228, 357 N.E.2d 1307; *Amber Automotive, Inc. v. Illinois Bell Telephone Co.* (1st Dist. 1973), 15 Ill. App. 3d 769, 771, 305 N.E.2d 270.) Moreover, such a remedy rests in the sound discretion of the court and should not issue unless the need is clear. *Amber,* at 771; *Mars, Inc. v. Curtiss Candy Co.* (1st Dist. 1972), 8 Ill. App. 3d 338, 344, 290 N.E.2d 701; *Ambassador Foods Corp. v. Montgomery Ward & Co.* (1st Dist. 1963), 43 Ill. App. 2d 100, 104-05, 192 N.E.2d 572.

The need for the preliminary injunction entered in this case was unclear, particularly in light of the fact that plaintiff had not even requested it until the court invited her to do so. Further, the entry of a preliminary injunction here served to alter the status quo by requiring defendant to close its stations or change its display practices. We conclude, therefore, that the preliminary injunction was erroneously granted. In accordance with this view, we reverse the order of the circuit court of Cook County which entered the preliminary injunction.

Reversed.

STAMOS and PERLIN, JJ., concur.