*In re* MARRIAGE OF BERTRAM R. SCHWARTZ, Petitioner-Appellee, and JEANNE W. SCHWARTZ, Respondent-Appellant.

First District (5th Division)   No. 84—2142

Opinion filed March 8, 1985.

George B. Collins and Christopher Bargione, both of Collins, Amos & Uscian, of Chicago, for appellant.

Arthur M. Solomon, of Solomon & Behrendt, of Chicago (Herbert A. Glieberman, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

This is an interlocutory appeal by respondent, Jeanne W. Schwartz, from an order granting a preliminary injunction restraining her from interfering with petitioner, Bertram Schwartz' use, occupancy and enjoyment of a condominium in the State of Florida. Respondent contends that (1) the trial court's granting of the preliminary injunction was improper, and (2) the petitioner's conduct barred him from seeking injunctive relief.

We reverse.

Pertinent to our disposition are the following.

The parties were married on December 17, 1949. In June of 1984, Bertram Schwartz, a builder/developer doing business in Illinois and Florida, filed a petition for dissolution of his 34-year marriage to his wife, Jeanne. In his petition for dissolution, he alleged that respondent had been guilty of mental cruelty towards him; that most of the property acquired by the parties during their marriage had been accumulated through his actual financial contributions; and that this acquired property had been put into respondent's name solely for business purposes. On the same day, the court issued a temporary restraining order against respondent which enjoined her from the withdrawal, transfer, destruction, etc., of any or all of the parties' property. The trial court later extended this order so that it applied mutually to both parties.

In her answer to the petition, respondent denied committing any wrongful acts, and she alleged that petitioner had given her many gifts of property over the term of the marriage—gifts which she alleged were now in her name and not marital property. An agreed order restraining and enjoining both parties from interfering with each other or disposing, damaging, etc., any mutual property was entered on July 26, 1984.

In August of 1984, petitioner filed an emergency petition for injunctive relief against respondent. In his petition, he alleged that respondent was prohibiting his use of the parties' condominium located

in Boca Raton, Florida; that although the title to this condominium was in her name alone, it was marital property; and that he needed to reside in the condominium while in Florida on business. His petition further alleged that although respondent had not used the Florida premises for the past 18 months, petitioner himself had consistently used the condominium up until 1½ weeks prior to his filing of this petition, when he received notice from the building's management personnel that he would be denied access to the premises upon order of respondent. Finally, petitioner alleged that his use of the condominium would result in no prejudice to respondent because of the restraining order still in effect, and he prayed that the court enjoin respondent from prohibiting his use and access to the condominium.

After hearing the parties' testimony regarding the origins of ownership of the condominium, the trial court granted petitioner's request for relief on the basis that the Florida property was likely to be found marital property, and ordered that respondent should be restrained from interfering in any way with the "petitioner's use, occupancy and enjoyment of the parties' condominium in the state of Florida during the pendency of the above cause of action."

Respondent appeals from this order.

OPINION

■ Respondent initially contends that the trial court abused its discretion in granting the petition for injunctive relief because petitioner failed to prove that respondent had interfered with petitioner's access, use and enjoyment of the condominium. Conversely, petitioner argues that his verified petition, together with his testimony at the hearing on the petition, provided sufficient evidence for the trial court to have properly inferred that respondent's actions interfered with his rights to enter and use the Florida premises. At oral argument, counsel for respondent admitted that the condominium management had acted pursuant to respondent's directive, therefore the argument on these facts has been resolved. However, we believe that these admitted facts fail to justify the injunction in issue.

An injunction is an equitable remedy to be used sparingly, with judicial restraint and due continence, and only in a clear and plain case. (O'Brien, *Chancery Practice: Injunctions and Emergency Relief*, 54 Chi. B. Rec. 21 (1972).) An institutional reluctance to undertake the supervision of specific relief, a social bias against interference with private ordering and a fear of encouraging unscrupulous litigants to institute unfounded actions are all constants that militate against preliminary injunctive relief. (Note, *Developments in the Law; Injunc-*

*tions*, 78 Harv. L. Rev. 993, 1056 (1965).) It is not the purpose of the preliminary injunction to determine controverted rights or decide the merits of the case. (*Baal v. McDonald's Corp.* (1981), 97 Ill. App. 3d 495, 500, 422 N.E.2d 1166.) A preliminary injunction is merely provisional in nature, its office being merely to preserve the status quo until a final hearing on the merits. *Spunar v. Clark Oil & Refining Corp.* (1977), 53 Ill. App. 3d 477, 481, 368 N.E.2d 990.

To warrant the issuance of a preliminary injunction, "a party must clearly show a need to preserve the status quo—in that he will be susceptible to irreparable damage if the injunction does not issue." (*Baal v. McDonald's Corp.* (1981), 97 Ill. App. 3d 495, 501, 422 N.E.2d 1166.) "The status quo to be preserved by a preliminary injunction is the last actual, peaceable, uncontested status which preceded the pending controversy." (*Edgewater Construction Co. v. Percy Wilson Mortgage & Finance Corp.* (1976), 44 Ill. App. 3d 220, 228, 357 N.E.2d 1307.) A preliminary injunction, therefore, is not proper where it tends to change the status quo of the parties rather than preserve it. *Rock Island Bank v. Paul* (1977), 48 Ill. App. 3d 874, 879, 362 N.E.2d 815.

In order for a preliminary injunction to issue, the party seeking the injunction must carry the burden of persuasion on four issues: (1) that he possesses a clearly ascertained right which needs protection; (2) that he will suffer irreparable harm without the injunction; (3) that there is no adequate remedy at law for his injury; and (4) that he is likely to be successful on the merits of his action. (*Lawter International, Inc. v. Carroll* (1983), 116 Ill. App. 3d 717, 729, 451 N.E. 2d 1338.) In addition, the trial court must balance the equities or relative inconvenience to the parties and determine thereby whether a greater burden will be imposed on the defendant by granting the injunction than on the plaintiff by denying it. (*ABC Trans National Transport, Inc. v. Aeronautics Forwarders, Inc.* (1978), 62 Ill. App. 3d 671, 379 N.E.2d 1228.) The sole question on review is whether the trial court abused its discretion in granting or denying the injunction. *Sports Unlimited, Inc. v. Scotch & Sirloin of Woodfield, Inc.* (1978), 58 Ill. App. 3d 579, 584, 374 N.E. 2d 916.

In the case at bar, the trial court based its findings on the likelihood of the success of petitioner's argument that he had the right to enter and use the Florida condominium because it would eventually be found to be "marital property." After careful review of the record in this case, we believe that the trial court was premature in its determination that petitioner had a right to enter the condominium and that the injunction should therefore issue.

A court looking forward to the likelihood of success that property would eventually be found to be "marital property" misconceives the difference between the nature of dissolution of marriage proceedings and "marital property." The nature of dissolution proceedings is to determine the status of the parties and to terminate the legal relationship between husband and wife by an act of law. "The term 'marital property' is a nomenclature devised to realize an equitable distribution of property *upon termination of the marriage.*" (Emphasis added.) (*Kujawinski v. Kujawinski* (1978), 71 Ill. 2d 563, 573, 376 N.E. 2d 1382.) Section 503 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 503) directs the court to divide the couple's property into marital and nonmarital portions and to assign each spouse his or her nonmarital share. However, under the Act, operation of the term "marital property" does not trigger until the time of dissolution. (*Kujawinski v. Kujawinski* (1978), 71 Ill. 2d 563, 376 N.E. 2d 1382.) It is only property owned at the time of the judgment of dissolution that the court may classify as "marital property," and property owned separately by the spouse before dissolution may be disposed of as he/she deems fit, absent any contrary order of the court. (*In re Marriage of Olson* (1983), 96 Ill. 2d 432, 441, 451 N.E.2d 825.) The court has power to adjust and determine the rights of one party in the property of the other only where a divorce has been granted. *In re Marriage of Pahlke* (1983), 120 Ill. App. 3d 1009, 1014, 458 N.E.2d 1141.

In the present case, we believe that the trial court failed to do justice to the parties in its focus on the issue of the likelihood of success as to the "marital property." Rather, the trial court should have focused on the preservation of the status quo among the parties so as to determine whether it was proper to grant petitioner's petition for injunctive relief. The last actual, peaceable, uncontested status in existence here was one where respondent had title to the condominium which she permitted petitioner to use. The trial court's order altered that status quo by taking away her right to exclude whomever she wished from possession of her property.

■ Although we can envision cases whereby the preservation of the status quo of the parties would require the issuance of an injunction of this nature, we believe that the trial court's improper focus on the likelihood of success in a "no win" situation, such as the dissolution proceeding we are presented with here, instead of a focus on the preservation of the status quo of the parties, was an abuse of its discretion.

Because of our determination that the trial court abused its dis-

cretion in granting injunctive relief where that relief did not preserve the status quo of the parties, we need not reach respondent's argument that petitioner's "unclean hands" barred him from seeking injunctive relief.

For the foregoing reasons, we reverse the order of the trial court granting injunctive relief.

Reversed.

SULLIVAN and PINCHAM, JJ., concur.