BELL FUELS, INC., Plaintiff-Appellant, v. GEORGE M. BUTKOVICH *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—89—2288

Opinion filed July 18, 1990.

Paul F. Conarty, of Glen Ellyn, for appellant.

Goldstine & Broida, Ltd., of Summit (Ronald J. Broida and David G. Pribyl, of counsel), for appellees.

JUSTICE WHITE delivered the opinion of the court:

Plaintiff Bell Fuels, Incorporated, appeals from an order of the circuit court of Cook County denying plaintiff's motion for a preliminary injunction. Plaintiff sought to enjoin defendants George and Yvonne Butkovich, alleged to be the operators of a gasoline station, from using underground gasoline storage tanks allegedly owned by plaintiff. Plaintiff contended that pursuant to a State statute it would be liable for damages arising from any environmental damage caused by the use of these tanks. The circuit court denied plaintiff's motion, apparently because of the speculative nature of the possible injuries. We affirm.

This controversy originated with a complaint filed in chancery by plaintiff for unjust enrichment and an equitable lien, in which the following allegations were made. Defendants own a parcel of property located at the northeast corner of 47th Street and Plainfield Road in Brookfield, Illinois. Defendants leased a portion of this property to CFM Central, Incorporated (Central), for the operation of a convenience store and a gasoline station. With the knowledge and consent of defendants, Central and plaintiff entered into a written contract for the installation of fuel dispensing equipment, including gasoline storage tanks, on the premises. After plaintiff had begun to install this equipment, Central made a bulk sale of almost all of its assets to C.F.M. of Illinois, Incorporated (CFM). At the direction of CFM, and with defendants' consent, plaintiff completed installation of the equipment. All of this equipment was owned by plaintiff. CFM had represented that it would assume Central's contractual obligations to plaintiff and the defendants. In August 1988, CFM abandoned the premises without the knowledge or consent of plaintiff. On information and belief, plaintiff further alleged that defendants had subsequently leased the premises to an unknown lessee who was currently operating a convenience store on the site. Plaintiff alleged that the equipment it had installed constituted valuable improvements to the premises and that if defendants were permitted to retain possession and use of the improvements without paying plaintiff for them, this

would unjustly enrich the defendants. Plaintiff sought to have the court find a contract implied in law between plaintiff and defendants whereby defendants would be obligated to pay plaintiff $85,000 as the reasonable value of the improvements. Plaintiff also sought imposition of an equitable lien on the property to secure payment of this amount.

In a subsequent motion for preliminary injunction plaintiff further alleged that after it filed its complaint, defendants installed gasoline pumps on the premises and connected them to plaintiff's underground storage tanks and other equipment. Defendants also filled those tanks with gasoline and began selling gasoline from the premises. All of these actions by defendants were taken without plaintiff's consent. Plaintiff noted that by statute in Illinois the owner of the underground tanks and other equipment would be liable for all costs and expenses incurred by the State of Illinois in remedying any environmental damage resulting from the use of this equipment. (Ill. Rev. Stat. 1987, ch. 111½, par. 1022.18(a).) Plaintiff alleged that unless defendants were enjoined from using these tanks and other equipment during the pendency of the litigation, plaintiff would be continuously exposed to liability "on account of Defendants' acts or omissions" without any ability to control the defendants' operation of that equipment. For these reasons plaintiff sought an order enjoining defendants and all persons acting in concert with them from using or operating the equipment installed by plaintiff during the pendency of the litigation.

Defendants moved to strike and dismiss plaintiff's complaint and also moved to strike plaintiff's motion for preliminary injunction. Defendants asserted, *inter alia*, that plaintiff's request for a preliminary injunction was based on mere speculation concerning future environmental damage arising out of the operation of the gasoline dispensing equipment. Following oral argument on these motions, the circuit court denied plaintiff's motion for a preliminary injunction, denied defendants' motion to strike the complaint, and transferred the cause to the law division. Plaintiff has brought this appeal solely from that portion of the circuit court's order denying plaintiff's motion for a preliminary injunction. Accordingly, we do not address the merits of the circuit court's transfer of the underlying complaint for unjust enrichment to the law division.

■■ ■ Injunctive relief should be granted sparingly, with judicial restraint, and only in a clear and plain case. (*In re Marriage of Schwartz* (1985), 131 Ill. App. 3d 351, 475 N.E.2d 1077.) Moreover, equitable relief will not be granted where only a speculative possibility of injury is advanced and where injury is contingent upon uncertain-

ties. (*Smith Oil Corp. v. Viking Chemical Co.* (1984), 127 Ill. App. 3d 423, 468 N.E.2d 797; *Mucklow v. John Marshall Law School* (1988), 176 Ill. App. 3d 886, 531 N.E.2d 941.) Here the plaintiff's request for a preliminary injunction was premised upon speculation. Without any supporting factual allegation, plaintiff's motion implied that defendants (or unnamed persons acting "in concert" with defendants) would operate their gasoline station in such a manner as to create unspecified environmental damage. As defendants noted in the trial court, plaintiff never alleged that defendants had improperly installed or operated this equipment, or had caused any environmental damage. Indeed, the plaintiff does not even directly assert that environmental damage is likely to occur in the future; this allegation, bare of any factual support, must be inferred from plaintiff's motion. For these reasons we find no abuse of discretion in the circuit court's denial of plaintiff's motion for a preliminary injunction and therefore we affirm that order.

The judgment of the circuit court denying plaintiff's motion for a preliminary injunction is affirmed, and the cause is remanded for further proceedings.

Affirmed and remanded.

RIZZI and FREEMAN, JJ., concur.