MARIA PARTIPILO, Plaintiff-Appellant, v. FRANK PARTIPILO, Defendant-Appellee.

First District (6th Division)   Nos. 1—01—3676, 1—01—3695, 1—01—3710 cons.

Opinion filed May 17, 2002.

Dennis James Stolfo, of Chicago, for appellant.

Joel Ostrow, of Chicago, for appellee.

PRESIDING JUSTICE GALLAGHER delivered the opinion of the court:

Maria Partipilo appeals from numerous rulings of the trial court involving dissolution of marriage proceedings initiated by Frank Partipilo. Maria essentially makes two contentions on appeal, namely, that (1) the trial court improperly denied her motions for substitution

of judge as of right and for cause, and (2) the court erred in ruling that the Partipilos' divorce could proceed prior to the resolution of Maria's other claims against Frank. For the reasons that follow, we affirm the trial court's rulings.

The Partipilos married in 1962 in Italy. The contents of the 19-volume record reveal the acrimonious and prolonged nature of the Partipilos' divorce case and the numerous proceedings that have preceded this appeal. In December 1998, Frank filed a petition for dissolution of marriage in case number 98 D 20652 (hereinafter, the divorce case). The Partipilos each had an ownership interest in F&V Cement Contractors, Inc., which Maria incorporated in March 1975 and which performs cement and paving work for the City of Chicago, among other accounts. In August 1999, Maria moved to add additional parties to the divorce proceedings, namely, Bernardina Barbenente, who is the Partipilos' daughter and an employee of F&V Cement and owner of Amigo Landscaping, Inc., and Barbara Hendricks, an employee of F&V Cement. Maria alleged that Frank and the two women diverted funds from F&V Cement into Amigo Landscaping (which was involuntarily dissolved in 1998) and also diverted other marital assets. Frank moved to strike and dismiss Maria's motion, arguing that Maria must bring any tort claims against Barbenente, Hendricks and Amigo Landscaping in a separate court, not by way of the divorce case. In December 1999, Judge Lawrence deferred ruling on Maria's motion to add additional parties. The divorce case was set for trial in July 2001.

In April 2001, Maria filed No. 01 CH 6280 against Frank, Barbenente, Barbenente's minor son, Hendricks, Amigo Landscaping and, derivatively, F&V Cement. In a complaint spanning more than 300 pages,[1] Maria stated she was the sole shareholder of F&V Cement and that she loaned "her personal pension fund monies" to start the company, continued to capitalize the company and, in return, received shares of common stock in F&V Cement. In the complaint, Maria contended that Frank beat her and threatened her life in a successful attempt to coerce her into transferring stock to him and that he later forced her to accept the transfer of half of F&V Cement's shares back to her. Maria also alleged that Frank committed fraud against F&V Cement by using F&V Cement's labor and materials to perform "side jobs" and receiving payments that he did not share with the company.

---

[1]Several pages of Maria's complaint in No. 01 CH 6280 are absent from the record. As the appellant, it is Maria's responsibility to furnish this court with a complete record of the proceedings at trial. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959 (1984). Due to the incomplete nature of Maria's complaint, as well as its considerable length, we attempt to describe the general gist of her allegations.

Maria moved to set a new trial date in the divorce case, alleging that Frank had violated discovery rules. In May and June 2001, Maria filed notices of her claims to nonmarital property in No. 01 CH 6280 and in No. 01 M1 402155, a suit that the City of Chicago brought against the Partipilos for real estate zoning violations and in which Maria had filed a cross-claim against Frank for breach of contract and breach of fiduciary relationship. Maria asked the court to stay the divorce case and allow No. 01 CH 6280 and No. 01 M1 402155 to proceed first. Judge Lawrence denied the motion to stay the divorce trial and deferred ruling on the discovery issues.

In July 2001, Maria filed a complaint in No. 01 CH 10785 pursuant to section 2—701 of the Code of Civil Procedure (the Code) (735 ILCS 5/2—701 (West 2000)) seeking a declaratory judgment of her right to proceed with No. 01 CH 6280 prior to the divorce proceedings.[2] Maria claimed that under section 503(b)(1) of the Illinois Marriage and Dissolution of Marriage Act (the Act) (750 ILCS 5/503(b)(1) (West 2000)), nonmarital property must be assigned to a spouse and its value must be determined prior to the entry of a judgment for dissolution of marriage and that No. 01 CH 6280 must be resolved before the divorce case could proceed. Maria asked the trial court to transfer the divorce case to the judge assigned to hear No. 01 CH 10785 and to consolidate the two cases. The motion for consolidation was denied, and the court transferred No. 01 CH 10785 to the divorce division to be heard by Judge Lawrence as a related matter to the divorce case.

Pursuant to section 2—1001(a)(2) of the Code (735 ILCS 5/2—1001(a)(2) (West 2000)), Maria filed a motion for substitution of judge as of right in No. 01 CH 10785. Maria stated that Judge Lawrence had not ruled on any substantial matter in that case and asked that the case be assigned to another judge. Following a hearing, Judge Lawrence denied the motion, stating that he made a substantial ruling when he denied Maria's June 2001 motion to stay the divorce proceedings.

On September 28, 2001, Judge Lawrence denied Maria's motions for preliminary and permanent injunctions and her motion for summary judgment in No. 01 CH 10785. In a memorandum opinion and order, Judge Lawrence stated that "in the absence of an express statutory direction giving Maria's tort claims priority, this court must bal-

---

[2]We note that Maria's complaint in No. 01 CH 10785 states that she seeks to have No. 01 CH 6280 decided prior to the divorce case but does not mention No. 01 M1 402155. Because Maria filed notices of her claims to nonmarital property in both cases, and for the sake of completeness, our analysis will include both causes of action.

ance her desire to prosecute these claims first against Frank's desire to have an early resolution of his divorce action." The judge stated that Maria did not demonstrate "a clearly ascertainable right to have her claims in [No.] 01 CH 6280 adjudicated before commencement of" the divorce case. The judge ordered that the Partipilos' divorce trial begin on October 1, 2001, and he "expressly reserved" all claims in No. 01 CH 6280 that were not resolved in the divorce case. Judge Lawrence later denied Maria's motion to enjoin Frank from proceeding with the divorce case and also denied her motion for substitution of judge for cause. Maria has filed three separate interlocutory appeals pursuant to Supreme Court Rules 303 and 307(a) (155 Ill. 2d R. 303; 188 Ill. 2d R. 307(a)) challenging these rulings.

■ On appeal, Maria first contends that Judge Lawrence erred in denying her request for substitution of judge as of right in No. 01 CH 10785. Frank raises the threshold issue of whether Maria's interlocutory appeals provide this court with jurisdiction over Maria's appeal involving substitution of judge. However, under *Sarah Bush Lincoln Health Center v. Berlin*, 268 Ill. App. 3d 184, 187, 643 N.E.2d 276, 279 (1994), we find we can consider Maria's claim of error in substitution of judge by way of her appeal seeking injunctive relief. Accordingly, we address the substance of Maria's contention.

■ According to section 2—1001(a)(2)(ii) of the Code, a request for substitution of judge as of right "shall be granted if it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case." 735 ILCS 5/2—1001(a)(2)(ii) (West 2000). A trial judge has no discretion to deny a proper motion for substitution of judge as of right. *Nasrallah v. Davilla*, 326 Ill. App. 3d 1036, 1039, 762 N.E.2d 25, 28 (2001). Because the issue of whether a trial judge made a ruling on a substantial issue in a case is a question of law, our review is *de novo*. *Nasrallah*, 326 Ill. App. 3d at 1039, 762 N.E.2d at 28.

A judge's ruling is considered "substantial" if it is directly related to the merits of the case. *In re Marriage of Abma*, 308 Ill. App. 3d 605, 610, 720 N.E.2d 645, 650 (1999). Examples of rulings on substantial issues include situations in which the trial court has ruled on a motion to dismiss, made pretrial rulings of law or where the party moving for a substitution of judge has discussed issues with the trial judge, who then indicated a position on a particular point. *Rodisch v. Commacho-Esparza*, 309 Ill. App. 3d 346, 351, 722 N.E.2d 326, 330 (1999) (and cases cited therein). Even when the court has not ruled on a substantial issue, a motion for substitution of judge should be denied if the moving party had an opportunity to test the waters and form an opinion as to the court's reaction to his or her claim. *In re Marriage of*

*Petersen*, 319 Ill. App. 3d 325, 338, 744 N.E.2d 877, 887 (2001). "A party is not free to 'judge shop' until he finds a jurist who is favorably disposed to his cause of action." *Petersen*, 319 Ill. App. 3d at 338, 744 N.E.2d at 887.

■ Based upon our review of the proceedings, we conclude that Judge Lawrence ruled on a substantial issue in No. 01 CH 10785 before he addressed Maria's motion for substitution of judge as of right and that her motion for substitution was properly denied. In denying the motion for substitution, the judge expressly based his ruling on his prior denial of Maria's June 2001 motion to stay the divorce case until the conclusion of No. 01 CH 6280 and No. 01 M1 402155, stating that decision was a "ruling of substance affecting the chancery case." We agree with the judge's assessment, in that Maria's request that the chancery court allow No. 01 CH 6280 to be decided prior to the divorce proceedings represented the substantive relief that she sought in No. 01 CH 10785. Although No. 01 CH 10785 was not filed until approximately a week after the motion for substitution of judge was denied, the relief sought in No. 01 CH 10785 was a repackaging of Maria's previous request to continue the divorce case. The judge's denial of the previous request revealed to Maria that the court was not amenable to delaying the divorce proceedings until the conclusion of other lawsuits. For those reasons, the trial court properly denied Maria's motion for substitution of judge as of right.

Maria's next contentions involve the denial of her numerous and varied requests to have her claim against Frank in No. 01 CH 6280 and her cross-claim against Frank in No. 01 M1 402155 adjudicated before the divorce case. She claims Judge Lawrence erred in denying her motions for a preliminary injunction, a permanent injunction and for summary judgment in No. 01 CH 10785.

■ In order to be entitled to an injunction, a plaintiff must demonstrate a certain and clearly ascertainable right and that he or she will suffer "irreparable harm" if relief is not granted. *Lucas v. Peters*, 318 Ill. App. 3d 1, 16, 741 N.E.2d 313, 325 (2000). Maria argues *ad infinitum* that her causes of action against Frank constitute her "non-marital property" and "protected property rights" and that she "must be granted the opportunity to formalize her causes of action into judgments for her and against Frank." It is clear that Maria has the right to sue her husband (750 ILCS 65/1 (West 2000)); at issue is whether she must be allowed to resolve her suits against Frank prior to the divorce case.

■ Section 503(a)(5) of the Act provides:

"'[M]arital property' means all property acquired by either spouse subsequent to the marriage, except the following, which is known as 'non-marital property':

* * *

(5) any judgment or property obtained by judgment awarded to a spouse from the other spouse[.]" 750 ILCS 5/503(a)(5) (West 2000).

■ Contrary to Maria's assertions, section 503(a)(5) does not provide that a cause of action can constitute nonmarital property; it states that a *judgment* can constitute nonmarital property. The essence of Maria's appeal is that she should have the opportunity to be awarded judgments in No. 01 CH 6280 and No. 01 M1 402155 and have them classified as her "nonmarital property" prior to the division of property in the divorce proceedings. However, property is not deemed "marital" or "nonmarital" until the dissolution of marriage occurs. See *In re Marriage of Henke*, 313 Ill. App. 3d 159, 166, 728 N.E.2d 1137, 1143 (2000); *In re Marriage of Schwartz*, 131 Ill. App. 3d 351, 355, 475 N.E.2d 1077, 1080 (1985) ("operation of the term 'marital property' does not trigger until the time of dissolution").

■ Maria cites no direct precedent to support her argument that her causes of action merit priority over the divorce proceedings that Frank had previously initiated. Indeed, the opposite approach is favored by Illinois courts. A trial judge sitting in the domestic relations division of the circuit court has jurisdiction to hear all justiciable matters. *In re Marriage of Devick*, 315 Ill. App. 3d 908, 913, 735 N.E.2d 153, 157 (2000); *In re Marriage of Isaacs*, 260 Ill. App. 3d 423, 428, 632 N.E.2d 228, 232 (1994). In *Isaacs*, the wife filed a petition for dissolution of marriage, and eight days later, the husband filed an action in the chancery division of the circuit court seeking the imposition of a constructive trust over shares of stock held by the wife and also for breach of fiduciary duty. *Isaacs*, 260 Ill. App. 3d at 425, 632 N.E.2d at 230. The wife petitioned the chancery court to consolidate the chancery case into the divorce case, and her petition was denied. *Isaacs*, 260 Ill. App. 3d at 425, 632 N.E.2d at 230.

In his appeal, the husband argued that the trial court erred in barring him from collaterally asserting his claims to the wife's interest in the stock. *Isaacs*, 260 Ill. App. 3d at 427, 632 N.E.2d at 231-32. This court stated:

"[A]s a general rule, where two actions are brought in different Illinois courts on the same subject to test the same rights, the court which first acquires jurisdiction, assuming its power is adequate to administer complete justice, retains its jurisdiction and may dispose of the entire controversy to the exclusion of all coordinate courts." *Isaacs*, 260 Ill. App. 3d at 428, 632 N.E.2d at 232.

The court noted that the divorce and the husband's chancery action were both "seeking to obtain title" to the stock at issue but stated:

"While we must reserve comment on the chancery court's denial of [the wife's] motion for consolidation as it is not properly before us, we nevertheless feel obliged to point out that both common sense and sound public policy dictate that matrimonial litigants should not be permitted to make a circuitous run around the divorce court in coordinate courts." *Isaacs*, 260 Ill. App. 3d at 429, 632 N.E.2d at 233.

■ The policy considerations discussed in *Isaacs* are applicable here. If Maria was permitted to halt the divorce case until the conclusion of her chancery suit against Frank and her cross-claim in No. 01 M1 402155, then any husband or wife whose spouse filed a petition for dissolution of marriage could delay the divorce by filing a separate lawsuit against or involving the spouse and arguing that action must be resolved before the divorce case could proceed. In complex cases such as the Partipilos', the parties are best served by bifurcation, in which the trial court dissolves the marriage and leaves the division of property to be determined at a later date. We affirm the denial of Maria's requests for injunctions and summary judgment in No. 01 CH 10785.

■ Lastly, Maria asserts that Judge Lawrence abused his discretion in denying her emergency motion in the divorce proceeding for substitution of judge for cause. In order to make a successful motion for substitution of judge for cause, the party must show prejudice. 735 ILCS 5/2—1001(a)(3) (West 2000); *Schaller v. Weier*, 319 Ill. App. 3d 172, 177, 744 N.E.2d 376, 379 (2001). Proving such prejudice is a heavy burden and the conclusion of prejudice will not be made lightly. *Petersen*, 319 Ill. App. 3d at 339, 744 N.E.2d at 888.

Maria argues that Judge Lawrence was Frank's "advocate" and that he "predetermined before trial commenced in [the divorce case] that he would not assign to Maria as her non-marital property any judgment for her and against Frank." Maria does not list specific comments by the judge to support those assertions. In any event, based upon our review of the proceedings, we find no evidence of bias against Maria. Maria also contends prejudice was evident because Judge Lawrence refused to grant her the use of an interpreter and forced her to answer questions about Frank's medical condition. We likewise find those claims to be meritless. Maria's motion for substitution of judge for cause was properly denied.

Accordingly, for all of the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

O'BRIEN and O'MARA FROSSARD, JJ., concur.