FIRST DIVISION

August 21, 2000

No. 1-99-4353 consolidated with 1-99-4477

CHRISTINA PULEO,

Plaintiff-Appellant,

v.

McGLADREY & PULLEN and CLARENCE JOHNSON,

Defendants

(State Farm Mutual Automobile Insurance Company and Hartford Insurance Company, Intervenor-Appellees).

)

)

)

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

DIANE J. LARSEN

Judge Presiding.

JUSTICE GALLAGHER delivered the opinion of the court:

This appeal is a consolidation of plaintiff Christina Puleo's two separate appeals, one pursuant to Illinois Supreme Court Rule 307 (155 Ill. 2d R. 307) and the other pursuant to Illinois Supreme Court Rules 301 and 303 (155 Ill. 2d Rs. 301, 303), from an order entered by the trial court on November 30, 1999, requiring her to deposit funds in the sums of $1,003,806.45 and $510,652.60 with the clerk of the circuit court of Cook County.  These amounts had been paid to plaintiff in partial satisfaction of a judgment in her underlying personal injury suit against defendants, McGladrey & Pullen and Clarence Johnson.  Hartford Insurance Company (Hartford) tendered $1,003.806.45 on behalf of McGladrey & Pullen, its insured.  State Farm Insurance Company (State Farm) tendered $510, 652.60 on behalf of Clarence Johnson, its insured.  Subsequently, this court reversed the judgment in plaintiff's personal injury suit and remanded the case for a retrial on damages only.  Hartford and State Farm then filed petitions for leave to intervene in the underlying suit in order to file motions for restitution of the funds they had paid.  Over objection, that intervention was granted.  After a hearing on the merits of the motion for restitution of funds brought by Hartford and joined by State Farm, the trial court denied the motion to the extent it sought return of the funds directly to Hartford and State Farm (the intervenors), but granted the alternative relief requested by intervenors, ordering the plaintiff to deposit the funds with the court to be placed in an interest-bearing account subject to the redetermination of damages owed to plaintiff.

Plaintiff now appeals from that order of the trial court.  With respect to this court's jurisdiction, she argues two positions.  One appeal is based upon Illinois Supreme Court Rule 307 governing certain nonfinal orders.  The other is based upon Illinois Supreme Court Rule 301 governing final orders.  The intervenors agree with plaintiff's position that this court has jurisdiction pursuant to Rule 307, but disagree with her position regarding jurisdiction under Rule 301.  Finally, McGladrey & Pullen, defendant in the case below, although not a direct party to this appeal, has filed a motion to dismiss the appeal.  We took that motion with this case.  In its motion, defendant contends that the order below was final and this court lacks jurisdiction because the trial court refused to grant the necessary language required under Illinois Supreme Court Rule 304 (155 Ill. 2d 304), which governs appeals of final orders entered in multiparty actions.  We agree with defendant.  For the reasons stated below, we dismiss the appeal for lack of jurisdiction.

Appellate jurisdiction is restricted to reviewing final judgments unless the order to be reviewed comes within one of the exceptions for interlocutory orders specified by our supreme court. 
Board of Trustees of Community College District No. 508 v. Rosewell
, 262 Ill. App. 3d 938, 950, 635 N.E.2d 413, 424 (1992).  A judgment or order is considered final if it "disposes of the rights of the parties either upon the entire controversy or upon some definite and separate part thereof." 
In re Estate of French,
 166 Ill. 2d 95, 101
, 651 N.E.2d 1125, 1128 (1995); see also 
Tyler v. Tyler
, 230 Ill. App. 3d 1009, 1011, 596 N.E.2d 119 (1992).
  A final judgment has also been defined as one which "decides the controversy between the parties on the merits and fixes their rights, so that, if the judgment is affirmed, nothing remains for the trial court to do but to proceed with its execution." 
In re J. N.
, 91 Ill. 2d 122, 127, 435 N.E.2d 473 (1982)
.  
In addition, this court has defined a claim as " 'any right, liability or matter raised in an action. [Citation.]' " 
In re Estate of French
, 166 Ill. 2d at101, 651 N.E.2d at 1128
.  We first consider whether the order being appealed here is final or nonfinal.

In determining whether the order in the instant case was final, we believe it helpful to consider the particular nature of the order here.  One of the positions advanced by the parties is that the order directing plaintiff to tender funds to the court constitutes an injunction.
  
The Illinois Supreme Court has defined an injunction as follows:

" 'a judicial process, by which a party is required to do a particular thing, or to refrain from doing a particular thing, according to the exigency of the writ, the most common sort of which operate as a restraint upon the party in the exercise of his real or supposed rights.' " 
In re A Minor
, 127 Ill. 2d 247, 261,  537 N.E.2d 292 (1989), quoting 
Wangelin v. Goe
, 50 Ill. 459, 463 (1869).

We believe that this definition applies here and conclude that the order was an injunction.

Plaintiff and the intervenors contend that, because the order below was an injunction, this court has jurisdiction over this pursuant to Rule 307(a)(1), which provides that an appeal may be taken to the appellate court from an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." 155 Ill. 2d R. 307(a)(1).  This rule, however, is applicable only to either preliminary injunctions or temporary restraining orders which are granted to preserve the status quo pending a decision on the merits and conclude no rights.  Such orders are limited in duration and in no case extend beyond the conclusion of the action. 
Steel City Bank v. Village of Orland Hills
, 224 Ill. App. 3d 412, 416, 586 N.E.2d 625, 628 (1991).  Orders which are not limited in duration and which alter the status quo are permanent in nature and, therefore, constitute final orders for purposes of appeal. 
Davis v. Human Rights Comm'n
, 286 Ill. App. 3d 508, 515, 676 N.E.2d 315, 320 (1997);
 Steel City Bank v. Village of Orland Hills
, 224 Ill. App. 3d at 417, 586 N.E.2d at 628.  The status quo is defined as " 'the last actual, peaceable, uncontested status which [preceded] the pending controversy.' [Citation.]"  
Steel City Bank v. Village of Orland Hills
, 224 Ill. App. 3d at 417, 586 N.E.2d at 629.

Regardless of whether the "pending controversy" originated when this court ordered a retrial on damages, when the trial court granted the motion to intervene, or when the trial court entered its order requiring the deposit of funds, "the last peaceable uncontested status" before the controversy would show plaintiff in possession of the funds.  Whether plaintiff here was entitled to retain the funds given to her by the intervenors, in view of our prior decision ordering a retrial on damages, is not before us.  Rather, the legal propriety of the status quo relates to the merits of the instant appeal.  We believe that the order, which affirmatively required plaintiff to tender the funds to the court, altered, rather than preserved, the status quo. See, 
e.g.
, 
Rock Island Bank v. Paul
, 48 Ill. App. 3d 874, 879, 362 N.E.2d 815, 819 (1977) (where, at the time an injunction issued that prevented both party and her bank from transferring funds in her account, the last actual, peaceable, uncontested status which preceded the controversy would show that the party had $25,000 in an account at the bank in her name and, as such, the injunction actually changed the status quo rather than preserved it).  By its order, the trial court already addressed the merits of the intervenor's motion for restitution, granting alternative relief and denying the direct return of the funds to the intervenor.  Because the order altered the status quo, it was a permanent injunction and not within those orders that are appealable as of right under Rule 307(a)(1).

Moreover, the order was final because it "disposes of the rights of the parties *** upon some definite and separate part [of the controversy]"(
In re Estate of French
, 166 Ill. 2d at 101
, 651 N.E.2d at 1128) by completely disposing of the intervenors' claim so that nothing further need be done apart from executing the order by securing deposit of the funds. See 
In re J. N.
, 91 Ill. 2d 122, 127, 435 N.E.2d 473 (1982)
. 
  Thus, because the order is a final order, if appellate jurisdiction exists here, it must be pursuant to Illinois Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)), which states in pertinent part:

"If 
multiple parties or multiple claims
 for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims 
only if
 the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both.  Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party." (Emphasis added.) 155 Ill. 2d R. 304(a).

Under Illinois law, an intervenor has all the rights of an original party. 735 ILCS 5/2-408(f) (West 1998).  At the point in time when the trial court granted the intervenors' motion to intervene, the instant case became a multiparty action. See, 
e.g.
, 
Johnson v. Levy Organization Development Co., 
789 F.2d 601 (7th Cir. 1986);
 
Huckeby v. Frozen Food Express
, 555 F.2d 542, 545 (5th. Cir. 1977).
(footnote: 1)   "The purpose of Rule 304(a) is ' "to discourage piecemeal appeals in the absence of just reason, and to remove the uncertainty which exists when a final judgment is entered on less than all the matters in the controversy." ' [Citations.]." 
Noland v. Steiner,
 213 Ill. App. 3d 611, 614, 572 N.E.2d 1166, 1168 (1991).  As our supreme court has explained
, albeit in the context of the effect of a severance order, "[t]he use of Rule 304(a) certification 
shall
 be the rule in cases involving judgments as to fewer than all parties or claims." (Emphasis added.) 
Carter v. Chicago & Illinois Midland Ry. Co.,
119 Ill. 2d 296, 308, 518 N.E.2d 1031, 1037 (1988).  Thus, because this case is a multiparty action, and the trial court did not include Rule 304(a) language, we conclude that we have no jurisdiction over this appeal.

The decision to enter a Rule 304(a) finding is within the trial court's discretion.  
Fremont Compensation Insurance Co. v. Ace-Chicago Great Dane Corp.
, 304 Ill. App. 3d 734, 740, 710 N.E.2d 132, 137 (1999).  Although the trial court's decision not to give the Rule 304(a) language is not before us, our review of the record indicates that the decision was based, at least in part, on the trial court's conclusion that the order entered was not a final order.  The trial court considered important the fact that the intervenors had taken no steps to enforce the order yet.  This factor, however, has no bearing upon the nature of the order as a final order. 
(footnote: 2)  The order, however, was final for the purposes of Rule 304(a).  Nor does the fact that the intervenors had taken no steps to enforce the order have any bearing upon the analysis of whether any "just reason" exists to delay enforcement or appeal.  As this court has explained: " [I]n the context of  Rule 304(a), a trial court's finding that no just reason exists to delay an appeal 
is nothing more
 than a discretionary determination that permitting an immediate appeal, under the circumstances, would be desirable." (Emphasis added.) 
Fremont Compensation Insurance Co.
, 
304 Ill. App. 3d at 740, 710 N.E.2d at 137.  Thus, the order here can only be appealed if the trial court, in its discretion, determines that an immediate appeal would be desirable and makes the necessary Rule 304(a) finding.

Plaintiff, however, has also argued here that, even if this court determines that the order below was final, the Rule 304(a) finding is not required to confer jurisdiction upon this court over the present appeal.  Plaintiff essentially contends that the instant case presents an exception to the requirement of  Rule 304(a) certification in multiparty actions.

In support of her contention, plaintiff has cited 
Nationwide Mutual Insurance Co. v. Filos
, 285 Ill. App. 3d 528, 673 N.E.2d 1099 (1996), a case involving
 an insurer's declaratory judgment action consolidated with an underlying action at law in which the insurer's motion for summary judgment was granted.
  The 
Nationwide 
court decided that, although the order granting summary judgment did not dispose of all claims raised in the consolidated action and also did not contain a Rule 304(a) finding, the court nonetheless had jurisdiction to entertain the injured employee's appeal of the trial court's grant of summary judgment in favor of the insurer under Rule 301. 
Nationwide,
 285 Ill. App. 3d at 531-32, 673 N.E.2d at 1102.  The court supported its decision by noting that "[b]ecause the consolidation was done only for convenience and economy, 'it did not merge the causes into a single suit, or change the rights of the parties, or make those who were parties in one suit parties in another.' [Citation.]" 
Nationwide,
 285 Ill. App. 3d at 532, 673 N.E.2d at 1102.  The court further noted that one of the actions "retained its distinct identity."
 Nationwide,
 285 Ill. App. 3d at 532, 673 N.E.2d at 1102.  Plaintiff now contends that there is no meaningful distinction between the consolidation in 
Nationwide
 and the intervention in the present case, because the intervenors' claims were distinct and their petitions for relief were entirely disposed of.  We disagree.

The present case does not consist of two consolidated actions; Hartford and State Farm filed petitions to intervene into an existing action.  Despite plaintiff's argument to the contrary, the intervention in the instant case is clearly dissimilar from a consolidation.  Even if we were to agree with the approach taken by the 
Nationwide
 court and the cases cited therein,
(footnote: 3) we find the 
Nationwide
 case distinguishable.  That the intervenors here have separate claims is part of the reason for Rule 304(a) in the first instance.  If no distinction is made between a separate claim in a single action and a separate action in a consolidated case, the exception would swallow the rule.  We decline to extend the decision in 
Nationwide 
to the present case.

In so deciding, we keep in mind our supreme court's admonition that "[t]he use of  Rule 304(a) certification shall be the rule in cases involving judgments as to fewer than all parties or claims.  The perfecting of an appeal under Rule 303(a)(1) in such cases must be the exception." 
Carter v. Chicago & Illinois Midland Ry. Co.
, 119 Ill. 2d 296, 308, 518 N.E.2d 1031, 1037 (1988).  In 
Carter
, our supreme court held that where a trial court has not made the Rule 304(a) certification, for appellate jurisdiction to exist over a severed claim, the trial court, in its severance order, must clearly and unequivocally state that the claim has indeed been severed and that the severed claim shall proceed thereafter separate from the other claims, counterclaims or parties to the case. 
Carter
, 119 Ill. 2d at 307-08, 518 N.E.2d at 1037.  Interestingly, the 
Carter
 decision also limited the holding in 
Northtown Warehouse & Transportation Co. v. Transamerica Insurance Co.
, 111 Ill. 2d 532, 490 N.E.2d 1268 (1986), which was the case relied upon by the 
Nationwide
 court for its statement that "Rule 304(a) does not necessarily apply to all actions involving multiple claims or parties." 
Nationwide
, 285 Ill. App. 3d at 532, 673 N.E.2d at 1102.  The instant case is no exception to the requirements of Rule 304(a) in cases involving judgments as to fewer than all parties or claims.

In view of the foregoing, we must dismiss the appeal for lack of jurisdiction.  For these reasons, we also grant defendant McGladrey & Pullen's motion to dismiss plaintiff's appeal for lack of jurisdiction.  Accordingly, we do not consider the merits of plaintiff's appeal.

Appeal Dismissed.

O'MARA FROSSARD, P.J. and GREIMAN, J., concur. 

FOOTNOTES
1:
Although these federal cases were interpreting the federal rule (Fed. R. Civ. P. 54(b)), the same principle applies here.  As our supreme court stated in 
Carter v. Chicago & Illinois Midland Ry. Co.
,119 Ill. 2d 296, 303, 518 N.E.2d 1031,1035, (1988), the federal rule (Fed. R. Civ. P. 54(b)) is similar to our Rule 304(a), and it is the rule after which our rule was patterned.  

2:
One court has even opined that it would violate due process to permit enforcement of an order without allowing appeal. See 
Rauscher v. Albert
, 138 Ill. App. 3d 799, 804, 485 N.E.2d 1362, 1364 (1985).

3:
See, 
e.g.
, 
Spraytex, Inc. v. DJS&T & Homax Corp
. 96 F.3d 1377 (Fed. Cir. 1996)(discussing various views of federal circuits regarding the same concept of appealability in context of the analogous federal rule (Fed. R. Civ. P. 54(b))
.