# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Cincinnati Insurance Co. v. Chapman*, 2012 IL App (1st) 111792

---

| | |
|---|---|
| Appellate Court Caption | THE CINCINNATI INSURANCE COMPANY, Plaintiff-Appellee, v. ARNOLD CHAPMAN and C.T. PHOENIX OF INDIANA, INC., Defendants-Appellants. |
| District & No. | First District, Second Division<br>Docket No. 1-11-1792 |
| Filed | June 29, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Substitution of judge as a matter of right should not be refused prior to any substantive ruling in the case merely because the judge informs the attorneys of his own prior rulings on the issue presented. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CH-10888; the Hon. Peter Flynn, Judge, presiding. |
| Judgment | Certified question answered. |

Counsel on Appeal     Anderson & Wanca, of Rolling Meadows (Brian J. Wanca and David M. Oppenheim, of counsel), for appellant Arnold Chapman.

Bock & Hatch, LLC, of Chicago (Phillip A. Bock, of counsel), for appellant C.T. Phoenix of Indiana, Inc.

Cray Huber Horstman Heil & VanAusdal LLC, of Chicago (James K. Horstman, of counsel), for appellee.

Panel     JUSTICE HARRIS delivered the judgment of the court, with opinion.

Justices Cunningham and Connors concurred in the judgment and opinion.

## OPINION

¶ 1     In March of 2010, plaintiff, the Cincinnati Insurance Company (CIC), filed a complaint for declaratory relief against defendants, C.T. Phoenix of Indiana, Inc. (Phoenix), and Arnold Chapman, seeking a judgment declaring that CIC was not obligated to defend and indemnify Phoenix in its underlying lawsuit with Chapman. Chapman had previously filed the underlying suit against Phoenix alleging Phoenix violated the Telephone Consumer Protection Act of 1991 (TCPA) (47 U.S.C. § 227 (2006)) and the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/2 (West 2008)), and committed common law conversion. CIC, which had issued a commercial general liability policy to Phoenix, denied Phoenix's demand to defend and indemnify it based on a TCPA exclusion clause in the policy. CIC and Chapman participated in two status hearings in the case at bar. At the second status hearing, the circuit court judge mentioned to the parties that he had recently ruled on a similar issue in another pending case which involved Chapman's counsel. In the other pending action, the circuit court judge ruled against the party that Chapman's counsel represented. The day after the second status hearing, Chapman filed a motion for substitution of judge as a matter of right pursuant to section 2-1001(a)(2) of the Illinois Code of Civil Procedure (Code). 735 ILCS 5/2-1001(a)(2) (West 2010). The circuit court certified the following question pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010):

"Case A and Case B involve different parties but share a common substantive issue. Defendants' counsel in Case B also represents parties in Case A. Both cases are pending before the same judge. The judge decides the common issue in Case A in a manner directly adverse to the Case B defendants' position. So far, however, there has been no ruling in Case B. The Case B defendants then move for a 735 ILCS 5/2-1001(a)(2) substitution of judge as a matter of right. Is the judge required to grant the motion?"

The circuit court certified the question now before this court on June 14, 2011. Chapman filed a petition for leave to appeal on June 27, 2011, which this court granted on August 1, 2011. Accordingly, this court has jurisdiction pursuant to Rule 308 governing certified questions. Ill. S. Ct. R. 308 (eff. Feb. 26, 2010).

BACKGROUND

On March 17, 2010, CIC filed its complaint for declaratory relief against Chapman and Phoenix. In its complaint, CIC alleged that it issued a commercial general liability policy to Phoenix. In August of 2008, Chapman filed the underlying suit against Phoenix, alleging Phoenix had telefaxed an advertisement to Chapman in violation of the TCPA (47 U.S.C. § 227) and the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/2 (West 2008)). Chapman also alleged common law conversion. Phoenix made a demand to CIC that it defend and indemnify it in the underlying suit under the commercial general liability policy. CIC denied coverage based on an exclusion in its policy with Phoenix. In August of 2009, Chapman and Phoenix settled. In October of 2009, Chapman, as a judgment creditor, issued a third-party citation to discover assets to CIC. CIC asked that a declaratory judgment be entered declaring that CIC was not obligated to provide coverage for the underlying suit or any judgment that had been entered against Phoenix.

A case management hearing, which would have been the parties' first appearance before the circuit court, was set for September 10, 2010. However, Chapman and CIC presented an agreed motion to reset the case management hearing date to September 21, 2010. In the agreed motion, Chapman and CIC stated that both defendants had accepted service, but had not filed an answer. The motion further stated Chapman planned to file an answer, but that "[CIC] has been advised that [Phoenix] plans to default and not appear or answer." On August 16, 2010, the circuit court granted the agreed motion and entered an order resetting the case management hearing date for September 21, 2010.

On September 21, 2010, the circuit court entered an order setting the matter for a status hearing on December 7, 2010.

On December 7, 2010, another status hearing was held. We note that the record does not contain a transcript from the December 7, 2010, hearing.

On December 8, 2010, Chapman filed a motion for substitution of judge as a matter of right pursuant to section 2-1001(a)(2) of the Code. 735 ILCS 5/2-1001(a)(2) (West 2010). Chapman alleged that all of the requirements for the substitution of judge as a matter of right had been satisfied. Specifically, he had not previously moved or received a substitution of judge in the case and that the circuit court had "not ruled on any issues in the case."

In response, CIC argued Chapman's motion was not timely filed. CIC alleged that the parties had appeared before the court on two occasions: on September 21, 2010, and December 7, 2010. At the September 21, 2010, hearing, CIC alleged that when the court asked the parties whether cross-motions for summary judgment would be filed, the parties responded that they wanted to complete discovery. According to CIC's response, Chapman's counsel at the September 21, 2010, hearing also "referenced" a ruling by another circuit court

judge in a similar case. CIC alleged the following occurred at the September 21, 2010, hearing:

> "Counsel for [Chapman] referenced a recent ruling by Judge Agran (*Acuity Ins. v. Blackhawk Paving*, No. 08 CH 35830) which held that a similar TCPA exclusion was inapplicable to the common law conversion count included in the TCPA complaint, and argued that since a similar common law conversion count was included in the underlying complaint against Phoenix, that [CIC] was obligated to afford coverage for the judgment against Phoenix."

A status hearing was set for December 7, 2010. At the December 7, 2010, status hearing, the court again inquired whether the parties were prepared to file cross-motions for summary judgment; the parties again indicated that they would like to complete outstanding discovery. CIC alleged that the following exchange occurred at the December 7, 2010, status hearing:

> "In response to a statement by [CIC]'s counsel that his motion would rely upon an exclusion for TCPA type conduct, th[e] Court made a statement to the effect that '[b]efore you file that motion, you should take a look at a case that I just decided regarding a TCPA exclusion.' When [CIC's] counsel asked the Court for the name of the case, the Court explained that he couldn't remember the name of the case, but said that he would 'bet $5.00' that [Chapman's counsel] had argued the case and would be able to provide [CIC] with a copy. The Court promised to find a copy of the decision and provide it to both sides if [Chapman's counsel] could not identify the case. The hearing ended with the Court setting a new status date of March 15, 2011."

CIC argued further in its response that Chapman "had at least two opportunities to 'test the waters' with" the circuit court and that he only moved for substitution of judge when he knew the court would reject his argument.

¶ 11 The record does not contain a reply brief on Chapman's behalf.

¶ 12 On January 10, 2011, the circuit court held a hearing on Chapman's motion for substitution of judge. At the hearing, Chapman argued his motion should be granted because the court had not yet made a substantial ruling, and he was not seeking to avoid or delay trial. As further support, he cited the legal principle that substitution of judge motions should be liberally granted. CIC agreed with Chapman that the court had not yet made a substantive ruling, but asserted that "a motion for substitution of judge may be denied if the movant had an opportunity to test the waters and form an opinion as to the judge's reaction to her claim." CIC argued that Chapman did not move for substitution of judge until after he had learned about the judge's ruling on a similar matter, Indiana Ins. Co. v. Vehicle Alignment, Brake & Tires, Inc., No. 09 CH22676 (Cir. Ct. Cook Co.) (hereinafter, *Vehicle Alignment*).

¶ 13 In making its ruling, the court anticipated a "wave" of similar cases in the future. It then voiced its concern that "if I am [substituted] because of my ruling in *Vehicle Alignment* in this case, it would seem probable that I will be [substituted] because of my ruling in *Vehicle Alignment*, in every case." The court commented that "means that for a sizable number of insurance declaratory judgment actions, I will effectively cease to be part of the chancery division." The court stated that this would "undercut the random assignment of cases in the chancery division." The circuit court judge also recalled how he brought up his ruling in

*Vehicle Alignment* to the parties at the December 7, 2010, status hearing, stating:

> "My recollection is that I avoided saying anything about how I thought the [*Vehicle Alignment*] ruling might impact on this case. And I should have because I have no idea how the [*Vehicle Alignment*] ruling might impact on this case. It may turn out to be completely beside the point. It just happens to be a ruling on a TCPA insurance exclusion clause. And the facts that underlay the [*Vehicle Alignment*] case, [Chapman's counsel] will recall, were unusual. I stress that they were unusual when I ruled in that case."

The court denied Chapman's motion, finding:

> "I do not have any hesitation in concluding that this is a situation in which the [substitution of judge] motion arises out of the movant's perception of the judge's position in this case as opposed to the judge's general disposition or general baggage. And because of that, I can deny this motion without at all stretching the boundaries of the existing case law."

¶ 14    After denying the motion, the court then instructed the parties to draft a certified question pursuant to Rule 308. Ill. S. Ct. R. 308 (eff. Feb. 26, 2010).

¶ 15    On June 14, 2011, the circuit court entered an amended order certifying a question under Supreme Court Rule 308. The circuit court included in its order a background section, in which it explained that "this is a declaratory judgment dispute concerns a 'TCPA' (47 U.S.C. § 227), a/k/a 'junk fax' insurance policy exclusion." The court stated that "well over 100 TCPA 'junk fax' class action suits" had been filed in the circuit court of Cook County. Most of the plaintiffs in the TCPA junk fax suits had been represented by "a relatively small number of law firms." As an example, the circuit court stated that the two law firms that were representing Chapman in the case at bar had filed 62 TCPA junk fax suits on behalf of a single plaintiff. The court characterized the initial class action suits as " 'TCPA Phase I' " cases.

¶ 16    The circuit court explained that " 'TCPA Phase II' " cases were insurance coverage disputes and classified the case at bar as a phase two case. The court then stated :

> "Given the Phase I situation, one can expect that a few law firms–including Mr. Chapman's astute counsel–will likely be involved in numerous Phase II cases. Under Cook County Cir. Ct. General Order 1.2, § 2.1(b)(1), all of the Phase II declaratory judgment cases will be heard by one or another of 15 General Chancery Section judges. Of course, judge-shopping is not encouraged.

> This is a 'TCPA Phase II' case. This Court had previously considered cross motions for summary judgment in another 'TCPA Phase II' case (*Indiana Ins. Co. v. Vehicle Alignment, Brake & Tires, Inc.*, No. 09 CH22676), which involved issues, and a policy exclusion, very similar to those involved in this case. In *Vehicle Alignment*, this Court ruled in favor of the insurer. After that ruling, Mr. Chapman–aware of the ruling, since his counsel here was also counsel for the underlying plaintiff in *Vehicle Alignment*-moved for a substitution of judge as of right in this case.

> That situation is almost certain to repeat itself on multiple occasions, given the pattern of TCPA litigation described above."

The circuit court then certified the following question for appellate review:

"Case A and Case B involve different parties but share a common substantive issue. Defendant's counsel in Case B also represents parties in Case A. Both cases are pending before the same judge. The judge decides the common issue in Case A in a manner directly adverse to the Case B defendants' position. So far, however, there has been no ruling in Case B. The Case B defendants then move for a 735 ILCS 5/2-1001(a)(2) substitution of judge as of right. Is the judge required to grant the motion?"

The circuit court then made the following findings regarding its certified question pursuant to Rule 308 (Ill. S. Ct. R. 308 (eff. Feb. 26, 2010)): that it is a question of law; a substantial ground exists for the difference of opinion; and appellate review "may materially advance the ultimate termination of this litigation."

¶ 17 On June 27, 2011, Chapman filed his petition for leave to appeal, which this court granted on August 1, 2011. This appeal followed.

¶ 18                                              ANALYSIS

¶ 19 Before this court, Chapman argues the circuit court erred in denying his motion for substitution of judge because the circuit court had yet to make a substantive ruling in the case. Chapman maintains that his counsel's knowledge of an adverse ruling that a judge made in another case involving his counsel is not a proper ground for denying his motion. He claims that a "party's choice of counsel is materially impacted by that attorney's prior experience in other cases before a particular judge, and the attorney will be forced to disclose that his retention will undermine the potential client's otherwise absolute right under [section 2-1001 of the Code]."

¶ 20 In response, CIC maintains that the circuit court properly denied Chapman's motion for substitution of judge because Chapman waited to move to substitute judges until after the judge had already advised the parties of his ruling in a similar case, which CIC believes was an indication of how the judge would rule in the case at bar. CIC also argues that Chapman's motion was late as it was filed eight months after the case began. CIC maintains that both sides were disqualified from seeking a substitution of judge as a matter of right pursuant to section 2-1001(a)(2) of the Code (735 ILCS 5/2-1001(a)(2) (West 2010)) after the December 7, 2010, hearing because, based on the judge's comments regarding the *Vehicle Alignment* case, both sides then had actual knowledge of how the judge was inclined to rule on the TCPA coverage exclusion at issue in their case. CIC acknowledges that the general rule regarding substitution of a judge as a matter of right is that it is absolute prior to any substantive rulings. However, CIC argues that an exception to the general rule applies in this case, which is that a party cannot move to substitute a judge as a matter of right after it has had the opportunity to test the judge's opinion as to the issue.

¶ 21 A certified question brought under Rule 308 is a question of law and, therefore, our review is *de novo*. *Fosse v. Pensabene*, 362 Ill. App. 3d 172, 177 (2005). We are typically limited to answering only the certified question presented as opposed to determining whether the underlying order is proper. *Id.* However, we may look at the record of the trial court proceedings and beyond the limits of the certified question to address whether the underlying

order is appropriate in order to reach an equitable result in the interest of judicial economy. *Id.*

¶ 22 Section 2-1001(a)(2) of the Code provides for the substitution of a judge as a matter of right. 735 ILCS 5/2-1001(a)(2) (West 2010). Section 2-1001(a)(2) provides, in relevant part:

"Substitution of a judge.

(a) A substitution of judge in any civil action may be had in the following situations:
***

(2) *Substitution as of right.* When a party timely exercises his or her right to a substitution without cause as provided in this paragraph (2).

(i) Each party shall be entitled to one substitution of judge without cause as a matter of right.

(ii) An application for substitution of judge as of right shall be made by motion and shall be granted if it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, or if it is presented by consent of the parties.

(iii) If any party has not entered an appearance in the case and has not been found in default, rulings in the case by the judge on any substantial issue before the party's appearance shall not be grounds for denying an otherwise timely application for substitution of judge as a right by the party." 735 ILCS 5/2-1001(a)(2) (West 2010).

¶ 23 Under section 2-1001(a)(2) of the Code, a litigant is allowed one substitution of judge without cause as of right. 735 ILCS 5/2-1001(a)(2) (West 2010). The right to substitution of judge is absolute when properly made, and the circuit court has no discretion to deny the motion. *In re Marriage of Abma*, 308 Ill. App. 3d 605, 609-10 (1999). "However, to prohibit litigants from 'judge shopping' and seeking a substitution only after they have formed an opinion that the judge may be unfavorably disposed toward the merits of their case, a motion for substitution of judge as of right must be filed at the earliest practical moment before commencement of trial or hearing and before the trial judge considering the motion rules upon a substantial issue in the case." *In re Estate of Hoellen*, 367 Ill. App. 3d 240, 245-46 (2006) (citing *In re Estate of Gay*, 353 Ill. App. 3d 341, 343 (2004)). A motion for substitution of judge may also be properly denied, even if the judge presiding did not rule on a substantial issue, if the litigant "had an opportunity to test the waters and form an opinion as to the court's disposition" of an issue. *In re Estate of Hoellen*, 367 Ill. App. 3d at 246. "The statute's provisions are to be liberally construed in order to effect rather than defeat the right of substitution." *Beahringer v. Hardee's Food Systems, Inc.*, 282 Ill. App. 3d 600, 601 (1996); see also *Sahoury v. Moses*, 308 Ill. App. 3d 413, 414 (1999).

¶ 24 As we have stated, typically our review of a certified question is limited to the certified question presented. *Fosse*, 362 Ill. App. 3d at 177. However, in this case, if we were confined to answering only the certified question as presented, it would be impossible for us to provide a definitive answer as there is no indication as to how the counsel in Case B learned of the ruling in Case A. Without looking at the underlying record, the most appropriate

-7-

answer would have to be "maybe" due to the inadequate wording of the certified question presented. Accordingly, to achieve an equitable result and in the interest of judicial economy, we will not confine our review to the limits of the certified question in this case. *Id.* Due to the failings of the certified question presented, we will review the record of the trial court proceedings to address whether the underlying order is appropriate. *Id.*

¶ 25 In this case, upon our review of the record, we hold that Chapman's motion for substitution of judge as a matter of right pursuant to section 2-1001(a)(2) of the Code should have been granted. 735 ILCS 5/2-1001(a)(2) (West 2010). It is undisputed that the circuit court had not yet ruled on a substantial issue. The only issue is whether either attorney was able to "test the waters and form an opinion as to the court's disposition toward his claim." *In re Hoellen*, 367 Ill. App. 3d at 246. Neither attorney in this case did so. Rather, it was the circuit court judge himself who voluntarily brought his prior ruling, which was dispositive of the issue presented, to both counsels' attention. Under these facts, we cannot allow the circuit court's actions to undermine the purpose of section 2-1001(a)(2) of the Code in providing a litigant a substitution of judge as of right. See *Beahringer*, 282 Ill. App. 3d at 601 ("The statute's provisions are to be liberally construed in order to effect rather than defeat the right of substitution."). We find it contrary to the statute for the circuit court judge to *sua sponte* inform the attorneys as to his rulings in past matters and having that event interpreted as a testing of the waters by the attorneys. Here neither attorney tested the waters. Rather, the circuit court judge imposed upon the attorneys the information as to his past rulings. This was improper. Accordingly, we answer the certified question in the positive.

¶ 26                                                   CONCLUSION

¶ 27 Based on the facts presented to this court, we answer the certified question presented in the positive.

¶ 28 Certified question answered.