# Illinois Official Reports

## Appellate Court

---

*Inland Commercial Property Management, Inc. v. HOB I Holding Corp.*,
2015 IL App (1st) 141051

---

| | |
|---|---|
| Appellate Court Caption | INLAND COMMERCIAL PROPERTY MANAGEMENT, INC., Plaintiff-Appellee, v. HOB I HOLDING CORPORATION and the EVA BUZIECKI TRUST, Dated July 12, 2006, Respondents-Appellants (The House of Brides, Inc., and House of Brides World's Largest "On-Line" Wedding Store, Inc., Intervenors-Appellants; HOB Holding Corporation, d/b/a House of Brides, Illinois, Defendant). |
| District & No. | First District, Second Division<br>Docket Nos. 1-14-1051, 1-14-2032 cons. |
| Filed | April 28, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-M5-0309; the Hon. Maureen Feerick, Judge, presiding. |
| Judgment | Appeals dismissed. |
| Counsel on Appeal | Rathje & Woodward LLC, of Wheaton (Kevin M. Carrarra and Derek M. Johnson, of counsel), for appellants.<br><br>No brief filed for appellee. |
| Panel | JUSTICE LIU delivered the judgment of the court, with opinion.<br>Justice Neville concurred in the judgment and opinion.<br>Presiding Justice Simon dissented, with opinion. |

**OPINION**

¶ 1     There are four appellants in this consolidated appeal involving two orders entered by the circuit court of Cook County during postjudgment proceedings. HOB I Holding Corporation (HOBI) and the Eva Buziecki Trust, dated July 12, 2006 (the Trust), appeal from an order denying their respective motions for substitution of judge as a matter of right (first appeal). HOBI and the Trust, together with The House of Brides, Inc., and House of Brides World's Largest "On-Line" Wedding Store, Inc., appeal from an order denying a motion to stay proceedings pending resolution of the appeal of the order denying substitution of judge (second appeal). For the following reasons, we dismiss the first appeal for lack of jurisdiction and the second appeal for mootness.

¶ 2                               BACKGROUND

¶ 3     On March 1, 2012, plaintiff, Inland Commercial Property Management, Inc., filed a forcible entry and detainer complaint against defendant, HOB Holding Corporation, d/b/a House of Brides, Illinois (HOB).[1] The circuit court entered an order of possession and judgment on July 26, 2012 against HOB in favor of plaintiff.

¶ 4     Following the entry of judgment, plaintiff commenced supplementary proceedings to enforce the judgment and issued citations to discover assets to various third parties, beginning in late 2012 and ending in early 2013. HOBI and the Trust were named as respondents to these citations. The House of Brides, Inc., and House of Brides World's Largest "On-Line" Wedding Store, Inc. (collectively, Intervenors), subsequently intervened in the postjudgment action.

¶ 5     On June 6, 2013, counsel for HOBI filed its appearance and a motion for substitution of judge as a matter of right pursuant to section 2-1001(a)(2) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1001(a)(2) (West 2012)). The circuit court later entered and continued all motions, including the motion for substitution of judge, until July 8, 2013, for status on the administrative assignment of a new judge to the case. Notwithstanding the continuance, the parties completed briefing on the motion.

¶ 6     At the status hearing on July 8, 2013, the parties appeared before the new judge assigned to the matter. HOBI withdrew its motion for substitution and the court entered an order memorializing the withdrawal and entering and continuing all other motions. Subsequently, counsel for HOBI also filed its appearance on behalf of the Trust. The court ordered all parties to complete any and all discovery and to file any and all written motions by August 16, 2013.

¶ 7     On March 20, 2014, the original judge was reassigned to the case, and HOBI renewed its motion for substitution of judge that same day. Because the parties had already fully briefed the matter, a hearing on the motion was set for March 27, 2014.

¶ 8     Following a hearing, the circuit court denied HOBI's motion for substitution of judge, stating:

> "Based on my careful reading of these briefs and an understanding of the issues in this case, at this time I find that the defendant is the principal in all of these subsidiaries. I agree with the argument made by Inland pursuant to *City of Granite v. House of*

---

[1]Defendant HOB is not a party in this appeal.

*Prayers* that a motion for substitution of judge may be untimely if the moving party had an opportunity to form an opinion of the court's reaction to his or her claim.

In this case, where one principal is, in fact, the primary agent of all of these parties and has extensive involvement in this litigation as outlined in Inland's motion, the motion is respectfully denied."

Following its ruling on HOBI's motion, the circuit court allowed the Trust to make an oral motion for substitution of judge. This motion was also denied.

¶ 9 In its March 27, 2014 order denying both HOBI's and the Trust's motions for substitution of judge, the court entered a Rule 304(a) finding that "there is no just reason for delaying enforcement or appeal of this order pursuant to Ill. Sup. Court Rule 304(a)." Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010).

¶ 10 On April 11, 2014, HOBI and the Trust, collectively, filed a notice of appeal (No. 1-14-1051) from the order denying their respective substitution motions.

¶ 11 The Intervenors, represented in the supplementary proceedings by the same counsel that represents HOBI and the Trust, subsequently filed a motion to stay all proceedings pending the appeal of the order denying the motions for substitution of judge. This motion was denied on July 2, 2014.

¶ 12 On July 9, 2014, HOBI, the Trust, and the Intervenors filed a notice of appeal (No. 1-14-2032) challenging the court's order denying the requested stay of proceedings pending resolution of the substitution order that is the subject of the first appeal.

¶ 13 ANALYSIS

¶ 14 We note that on January 12, 2015, plaintiff filed a motion to dismiss the appeals for a violation of Illinois Supreme Court Rule 326 (eff. Feb. 1, 1994) and lack of jurisdiction. This motion was denied on February 6, 2015. Because the order failed to explain whether the denial was based on Rule 326, lack of jurisdiction, or both, we are obligated to review our jurisdictional authority as a threshold issue. See *Palmolive Tower Condominiums, LLC v. Simon*, 409 Ill. App. 3d 539, 542 (2011) (noting the "independent duty" of reviewing courts to consider the jurisdictional authority and dismiss the appeal where it is lacking, regardless of whether any of the parties have raised the issue). We consolidated the appeals. For the sake of clarity, however, we will address the pertinent issues in each of the underlying appeals separately.

¶ 15 A. Appeal No. 1-14-1051 (First Appeal)

¶ 16 Section 2-1001 of the Code (735 ILCS 5/2-1001 (West 2012)) sets forth the circumstances under which a party may move for substitution of judge as a matter of right. We review *de novo* the question of the denial of a motion for substitution of judge. *Bank of America, N.A. v. Freed*, 2012 IL App (1st) 110749, ¶ 11.

¶ 17 Before we can review the order denying the motion for substitution of judge, however, we must first determine whether this court has jurisdiction. Our jurisdiction is limited to the review of appeals from final judgments, unless otherwise permitted under the Illinois Supreme Court rules or by statute. *In re Marriage of Verdung*, 126 Ill. 2d 542, 553 (1989); see also *Puleo v. McGladrey & Pullen*, 315 Ill. App. 3d 1041, 1043 (2000) ("Appellate jurisdiction is restricted to reviewing final judgments unless the order to be reviewed comes within one of the

exceptions for interlocutory orders specified by our supreme court."). A reviewing court must ascertain its jurisdiction before proceeding in a cause of action, and this duty exists regardless of whether either party has raised the issue. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009).

¶ 18   " 'An order is final and appealable if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate part thereof.' " *In re Marriage of Gutman*, 232 Ill. 2d 145, 151 (2008) (quoting *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 159 (1998)). A judgment is final if it "fixes absolutely and finally the rights of the parties in the lawsuit *** [and] determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment." *In re Parentage of Rogan M.*, 2014 IL App (1st) 132765, ¶ 9.

¶ 19   The denial of a motion for substitution of judge for cause is not a final order. *In re Marriage of Nettleton*, 348 Ill. App. 3d 961, 969 (2004). Instead, it is an interlocutory order that is appealable on review from a final order. *Id.*

¶ 20   Here, the order denying substitution of the judge, as a preliminary order in a pending suit, did not result in a determination of any of the merits of the postjudgment proceedings, nor did it resolve "absolutely and finally" any rights of the movants, HOBI and the Trust, or plaintiff. If anything, the motions for substitution were asserted as a preliminary measure intended to prevent any determination on the substantive merits by the particular trial judge against whom the motions were directed.

¶ 21   In the notice of appeal dated April 11, 2014, HOBI and the Trust requested review of the order denying their motions for substitution of judge "[p]ursuant to Illinois Supreme Court Rules 304(a) and 304(b)(4)." We find that jurisdiction is not conferred by either of these rules. The construction of these supreme court rules presents a question of law subject to *de novo* review. *Marriage of Nettleton*, 348 Ill. App. 3d at 968.

¶ 22                                 1. Rule 304(a)

¶ 23   Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010) provides that "an appeal may be taken from a *final* judgment as to one or more but fewer than all of the parties or claims *** if the trial court has made an express written finding that there is no just reason for delaying *** appeal." (Emphasis added.) In other words, Rule 304(a) language must be included in the order when a party seeks to appeal an order that is final with respect to one or more but not all the claims. We note that the March 27, 2014 order contains Rule 304(a) language. However, it is well-settled law that the mere inclusion of a Rule 304(a) finding in a nonfinal order does not make the order appealable under the supreme court rules. See, *e.g.*, *Marriage of Nettleton*, 348 Ill. App. 3d at 969 (noting that "such language would not have vested this court with jurisdiction to review the otherwise nonappealable orders"); *Hadley v. Doe*, 2014 IL App (2d) 130489, ¶ 79 (Birkett, J., dissenting) (holding "the mere presence of [R]ule 304(a) language cannot convert a nonfinal order into a final and appealable order"), *appeal allowed*, No. 118000 (Ill. Sept. 24, 2014); *Curtis v. Lofy*, 394 Ill. App. 3d 170, 185 (2009) (stating that "[b]efore a trial court can enter a Rule 304(a) finding, the court must have entered an otherwise final order" and that a "Rule 304(a) finding does not make an otherwise nonfinal order final and appealable"); *Elkins v. Huckelberry*, 276 Ill. App. 3d 1073, 1077 (1995) (holding that the order was not final and appealable despite inclusion of Rule 304(a) language in the order).

¶ 24    Furthermore, the notice of appeal did not reference or challenge a final or appealable order in this case that followed the denial of the motion for substitution of judge. See *Sarah Bush Lincoln Health Center v. Berlin*, 268 Ill. App. 3d 184, 186-87 (1994) (finding that jurisdiction existed, in an interlocutory appeal from a preliminary injunction, for the appellate court to also determine if the trial court erred in denying a motion for substitution of judge). Accordingly, we find that Rule 304(a) did not provide this court with jurisdiction because the March 27, 2014 order denying a substitution of judge did not "become" a final order simply by including the statutory language.

¶ 25                                          2. Rule 304(b)(4)

¶ 26    Additionally, there is no basis for conferring appellate jurisdiction under Illinois Supreme Court Rule 304(b)(4) (eff. Feb. 26, 2010), which permits review of a final judgment or order entered in a supplementary proceeding under section 2-1402 of the Code without a finding under Rule 304(a). "An order in a section 2-1402 proceeding is said to be final when the citation petitioner is in a position to collect against the judgment debtor or a third party, or the citation petitioner has been ultimately foreclosed from doing so." *D'Agostino v. Lynch*, 382 Ill. App. 3d 639, 642 (2008). Here, we find that the March 27, 2014 order denying substitution did not put plaintiff in a position to collect the judgment amount or direct the third-party respondents to turn over funds. Nor was there any substantive determination of any of the parties' rights as to the merits of any claim in the postjudgment action. Therefore, Rule 304(b)(4) does not confer jurisdiction on this court to review the order because the March 27, 2014 order denying substitution of judge is not a final judgment: the order did not determine any of the parties' rights in the supplementary proceeding.

¶ 27                          B. Appeal No. 1-14-2032 (Second Appeal)

¶ 28    In the notice of appeal dated July 10, 2014, the four appellants cite Illinois Supreme Court Rule 307(a)(1) (eff. Feb. 26, 2010) as the basis for appealing the circuit court's July 2, 2014 order denying the intervenors' motion to stay proceedings pending resolution of the first appeal. Rule 307(a)(1) permits the appeal of an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction" for purposes of establishing jurisdiction under Rule 307. Ill. S. Ct. R. 307(a)(1).

¶ 29    "An appeal is moot if 'no actual controversy exists or if events have occurred that make it impossible for the reviewing court to grant the complaining party effectual relief.' " *In re Marriage of Eckersall*, 2015 IL 117922, ¶ 9 (quoting *In re Marriage of Peters-Farrell*, 216 Ill. 2d 287, 291 (2005)). "The existence of a real dispute is not a mere technicality but, rather, is a prerequisite to the exercise of this court's jurisdiction." *Marriage of Peters-Farrell*, 216 Ill. 2d at 291. Because we are dismissing the first appeal from the substitution order for lack of jurisdiction, no actual controversy or dispute exists at this time regarding the circuit court's denial of the motion to stay the supplementary proceedings pending the first appeal. Therefore, we dismiss the second appeal for mootness.

¶ 30                                          CONCLUSION

¶ 31    For the reasons stated, the first appeal of the March 27, 2014 order denying the motion for substitution of judge is dismissed for lack of jurisdiction. The second appeal of the July 2, 2014 order denying the motion to stay the supplementary proceedings pending a resolution of the

first appeal is dismissed for mootness.

¶ 32         Appeals dismissed.

¶ 33         PRESIDING JUSTICE SIMON, dissenting.

¶ 34         I respectfully dissent. I agree with the majority that an order denying substitution of judge is not appealable as a matter of right and that the trial court's inclusion of Rule 304(a) language does not necessarily render an order final and appealable. *In re Marriage of Nettleton*, 348 Ill. App. 3d 961, 969 (2004). However, I believe that this case deviates from *Nettleton*, the cases cited by the majority, and the reported cases that treat this issue. See, *e.g.*, *Hadley v. Doe*, 2014 IL App (2d) 130489, ¶ 79 (Birkett, J., dissenting) (dissent claiming that trial court's inclusion of Rule 304(a) language on preliminary and discovery orders did not confer jurisdiction to appellate court), *appeal allowed*, No. 118000 (Ill. Sept. 24, 2014); *Curtis v. Lofy*, 394 Ill. App. 3d 170 (2009) (Rule 304(a) language did not make partial summary judgment order final where additional counts remained and plaintiff granted leave to amend complaint); *Elkins v. Huckelberry*, 276 Ill. App. 3d 1073 (1995) (order not final and appealable despite Rule 304(a) language in partial summary judgment order on affirmative defense and countercomplaint and paternity issue remained unresolved).

¶ 35         Unlike in *Nettleton*, the trial court in this case did not refuse to include Rule 304(a) language in the order denying substitution of judge. Furthermore, the *Nettleton* court's statement that such language does not vest this court with jurisdiction to review otherwise nonappealable orders was *dicta* and is not controlling. *Nettleton*, 348 Ill. App. 3d at 969. Likewise, the instant case is a civil matter, not a criminal matter, and it implicates different issues and protections specific to criminal law and is not governed by Rule 604's bar on appeals in the absence of a final judgment. *People v. Harrison*, 372 Ill. App. 3d 153, 155 (2007).

¶ 36         This case is also unlike most interlocutory orders that are appealable on review of a final order. The statute confers a right upon parties to litigation and when that right is improperly denied, the relevant case law provides much broader and harsher consequences. I believe that in this case, under the applicable statutes, rules, and case law, the trial court's inclusion of language pursuant to Rule 304(a) confers jurisdiction over the denial of the motion for substitution of judge and supports our review of this appeal.

¶ 37         Section 2-1001 of the Code of Civil Procedure (735 ILCS 5/2-1001 (West 2012)) details when a party may move for substitution of judge as of right and provides, in pertinent part:

         "(2) Substitution as of right. When a party timely exercises his or her right to a substitution without cause as provided in this paragraph (2).

                  (i) Each party shall be entitled to one substitution of judge without cause as a matter of right.

                  (ii) An application for substitution of judge as of right shall be made by motion and shall be granted if it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, or if it is presented by consent of the parties.

                  (iii) If any party has not entered an appearance in the case and has not been found in default, rulings in the case by the judge on any substantial issue before the

party's appearance shall not be grounds for denying an otherwise timely application for substitution of judge as of right by the party." 735 ILCS 5/2-1001(a)(2) (West 2012).

¶ 38    Substitution of judge as of right is absolute when it is made properly and the trial court has no discretion to deny the motion. *Cincinnati Insurance Co. v. Chapman*, 2012 IL App (1st) 111792, ¶ 23. However, "judge shopping" is prohibited and a party that does not file a motion for substitution of judge at the earliest practical moment may be properly denied substitution if the party " 'had an opportunity to test the waters and form an opinion as to the court's disposition.' " *Id.* (quoting *In re Estate of Hoellen*, 367 Ill. App. 3d 240, 246 (2006)). Nevertheless, " '[t]he statute's provisions are to be liberally construed in order to effect rather than defeat the right of substitution.' " *Id.* (quoting *Beahringer v. Hardee's Food Systems, Inc.*, 282 Ill. App. 3d 600, 601 (1996)). In fact, this court has noted that the "importance of a proper ruling on a motion for substitution of judge is so great that some courts have held that the wrongful refusal of a proper request for substitution of judge renders all subsequent orders by that judge entered in the case void." *Sarah Bush Lincoln Health Center v. Berlin*, 268 Ill. App. 3d 184, 187 (1994).

¶ 39    The question of whether to enter a Rule 304(a) finding is a matter left to the discretion of the trial court and "is nothing more than a discretionary determination that permitting an immediate appeal, under the circumstances, would be desirable. [Citation.]" (Emphasis and internal quotation marks omitted.) *Puleo v. McGladrey & Pullen*, 315 Ill. App. 3d 1041, 1046 (2000). A judgment is final if it disposes of the rights of the parties upon the entire or some definite and separate part thereof such that there is nothing left for the court to do but proceed with its execution. *Id.* at 1043-44. A claim is "any right, liability or matter raised in an action. [Citation.]" (Internal quotation marks omitted.) *Id.* at 1044. The decision to include Rule 304(a) language involves the consideration of factors such as: the relationship between adjudicated and unadjudicated claims; the possibility of mooting the need for review by future developments at trial; the presence of related claims or counterclaims; and factors such as delay, economic considerations, expense, frivolity of competing claims, and the "paramount consideration" of efficient judicial administration. *State Farm Fire & Casualty Co. v. John J. Rickhoff Sheet Metal Co.*, 394 Ill. App. 3d 548, 556-57 (2009). As such, the trial court operates as an initial gatekeeper in the appeal of such interlocutory orders and, as demonstrated in *Nettleton*, can dictate when an issue may even reach this court for a determination if it is ripe for appeal.

¶ 40    The facts of this case demonstrate that it is clear that the trial court fully considered the arguments of the parties in this procedurally confusing matter, but erred in denying the motion for substitution of judge. The trial court's inclusion of Rule 304(a) language in the order denying the right to substitution of judge allows for the most efficient use of judicial resources in resolving a singular, clear issue. HOBI immediately moved for substitution of judge upon filing an appearance; therefore, there were no substantial issues ruled upon to be grounds for the filing of the motion. Furthermore, even though HOBI withdrew its motion and later renewed it, there is no evidence of record that any ruling on any substantial issue was made between the appearances of HOBI and the Trust and the motions for substitution of judge. Accordingly, the plain language of the statute requires substitution as of right and the trial court did not have discretion to deny the motion.

¶ 41 The trial court's order thereby disposed of the rights of the parties in this definite and separate motion. In considering the inclusion of Rule 304(a) language, the relationship between the denial of this right and the unadjudicated claims and efficient judicial administration and expense are directly affected, particularly if the denial of substitution is reversed and all subsequent orders of the court are rendered void. Accordingly, I believe that the aforementioned factors, and logic, support the trial court's exercise of discretion in including Rule 304(a) language on this issue. Furthermore, they support the conclusion that a final order absolutely fixing the parties' rights was entered in this case.

¶ 42 In addition, the cases cited in the court below seeking to apply the "test the waters" rule are distinguishable. *City of Granite City v. House of Prayers, Inc.*, 333 Ill. App. 3d 452 (2002), relied upon by the trial court in its decision in this case, did not involve a new party to the case and did not address subsection (2)(iii) of the statute. Likewise, the moving party in both *In re Estate of Hoellen* and in *Partipilo v. Partipilo*, 331 Ill. App. 3d 394 (2002), was not a new party appearing in the case. The fact that there may be a shared principal among parties is irrelevant as HOBI is, admittedly by plaintiff in its pleadings below, a separate corporation and, thus, a separate and distinct legal entity from its shareholders, officers, and other affiliates. *Main Bank of Chicago v. Baker*, 86 Ill. 2d 188, 204 (1981). Accordingly, HOBI was a new party and timely filed a motion for substitution of judge as of right immediately upon filing an appearance. In this circumstance, the plain language of the statute requires that the trial court grant the motion for substitution as of right.

¶ 43 The denial of defendants' motion for substitution of judge as of right fixed the rights of the parties regarding that separate and distinct issue. I believe that the cases refusing to find orders final and appealable despite the inclusion of Rule 304(a) language are distinguishable from this action and that the factors to be considered in applying Rule 304(a) support the exercise of jurisdiction in this case.